James L. Clark, Naples, for Brad Caraway & Associates and Brad Caraway.

B.D. Moye, Dist. Judge, Daingerfield, for respondent.

Gregory E. Jensen, Burford & Ryburn, Dallas, for Lone Star Steel, party in interest.

**BRAD CARAWAY & ASSOCIATES, INC. and Brad Caraway, Individually, Relators,**

v.

**Honorable B.D. MOYE, Judge, 276th Judicial District Court, Morris County, Texas, Respondent.**

No. 9536.

Court of Appeals of Texas, Texarkana.

Jan. 27, 1987.

BLEIL, Justice.

In this original proceeding Brad Caraway & Associates, Inc. and Brad Caraway, Individually, ask this Court to grant a writ of mandamus directing the 276th Judicial District Court to rescind its discovery order for the production of certain documents, or in the alternative to direct the court to conduct an *in camera* review and excise those documents which are immune from discovery.

Lone Star Steel Company sought to take Caraway's deposition. It served him with a subpoena duces tecum requiring that he bring certain business records to the deposition for review. The trial court overruled Caraway's motion to quash.[1]

1. The court also directed the parties to attempt to reach a mutual agreement regarding maintenance of secrecy of the records to be produced. A secrecy agreement was drafted by the parties, signed by Lone Star and filed with the court. It restricts viewing of Caraway's records to three designated audit personnel from Lone Star and it provides that those three persons may discuss the records only with Lone Star's legal counsel and no others.

Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Tex. R.Civ.P. 166b(2)(a).

 A party seeking to deny production of evidence must claim a specific privilege against such production. *Peeples v. Hon. Fourth Supreme Judicial Dist.,* 701 S.W.2d 635 (Tex.1985). Caraway claimed that many of its records were not relevant and thus not discoverable. The burden of pleading and proving that the records were not relevant fell upon Caraway, the party seeking to prevent discovery. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986); *Peeples v. Hon. Fourth Supreme Judicial Dist., supra.* Caraway fails to show that it adduced any proof whatsoever which sought to demonstrate that the documents were not relevant. We conclude that Caraway failed to carry its burden to show that the records ordered to be produced were not relevant.[2]

Caraway argues that the subpoena itself shows that it is overbroad and relates to all of Caraway's records, whether relevant to this controversy or not. The suit is for damages and injunctive relief arising from Caraway's alleged mislabeling of certain pipe as Lone Star prime pipe. The subpoena requires Caraway to produce only "documents ... which either provide, or may be helpful in determining, ..." matters which specifically related to pipe sold, serviced or labeled by Caraway. A general statement then follows that *such records* shall include certain types of documents as enumerated. Thus, the subpoena is limited to records pertaining to pipe, and does not on its face require documents clearly irrelevant to this controversy.

Caraway requested in the alternative that the trial court be directed to conduct an *in camera* inspection of its records and to excise those records which were not relevant. In *Weisel,* the Court indicated that in certain circumstances, such as when

relevancy is questioned or harassment is the basis for protection, affidavits or live testimony might be sufficient proof. Neither is in the record here.

We conclude that the trial court did not abuse its discretion in granting discovery. Caraway failed to make any showing that would have supported any other action by the trial court.

We deny the petition for writ of mandamus.

---

2. Caraway argues that it requested an evidentiary hearing in order to present evidence related to its claim of non-relevancy of various documents ordered to be produced. There is no showing in the record that such a hearing was requested or held.