**VALLEY FORGE INSURANCE COMPANY, Relator,**

v.

**The Honorable Guy JONES, Respondent.**

No. 9560.

Court of Appeals of Texas, Texarkana.

June 2, 1987.

---

Phillip W. Gilbert, Riddle & Brown, Dallas, for relator.

David Folsom, Young, Patton & Folsom, Texarkana, for respondent.

BLEIL, Justice.

In this original mandamus proceeding we must determine whether the trial court properly refused to compel discovery, when the request for production of certain documents was objected to on the ground that those documents were not relevant, and there was no evidence tending to show the relevancy or lack of relevancy of those documents. In this instance, we conclude that Alex Ryan, the party opposing discovery, failed to substantiate his claim of the nonrelevancy of the documents and that the trial court therefore erred in failing to order the production of the documents sought. We conditionally grant a writ of mandamus.

Valley Forge Insurance Company brought this proceeding asking that we direct the Honorable Guy Jones, Judge of the 202nd District Court, to compel the production of certain documents in a case pending in that court. Valley Forge had filed a declaratory judgment action against Alex Ryan seeking to establish that it had no obligation to pay for the fire loss of Ryan's residence under an insurance policy it had issued, because the residence was burned as a result of a deliberate act of arson committed at Ryan's instance. Ryan denied these allegations and filed a counterclaim.

Before trial, Valley Forge, pursuant to Tex.R.Civ.P. 167, requested Ryan to produce profit and loss statements, business ledgers, and federal tax returns for the Business Insurance Agency and the Ryan General Agency. The request contained this language:

> Plaintiff requests Defendant Alex Ryan to produce and permit Plaintiff to inspect and/or copy at its expense the following—designated documents, all of which are in the possession, custody or control of Defendant:
>
> 1. The profit and loss statements for the Business Insurance Agency and the Ryan General Agency for the years 1980–1984, inclusive, and January and February, 1985.
>
> 2. The general ledgers for the Business Insurance Agency and the Ryan General Agency for the years 1980–1984, inclusive, and January and February, 1985.
>
> 3. The U.S. tax returns and all attachments, schedules and forms for the years 1980–1984, inclusive for the Business Insurance Agency and the Ryan General Agency.

Ryan objected to this request for discovery solely on the ground that the requested documents contain "information that is not relevant to the subject of this action." Valley Forge then filed a motion to compel production of the documents. In the latter part of its motion to compel, Valley Forge alleged that:

> One of the elements of proof in an arson defense case is the financial distress of the insured or some other financial moti-

vation for the insured-owner to set fire to his own property. Therefore, the financial viability of Defendant's business enterprises would clearly be relevant. Since Plaintiff's Second Request for Production of Documents is calculated to discover financial data about Defendant's business, the Defendant's business records would clearly be relevant or would reasonably appear to lead to admissible evidence.

Thereafter a hearing was held in which each side stated its position to the trial court. Neither side produced any evidence such as live testimony, affidavits or documents, each apparently content to stand on the pleadings. The trial court, having only the motion and response before it, denied the motion to compel.

■ Ordinarily, parties may obtain discovery regarding any item relevant to the subject matter in the pending action, so long as the item sought to be discovered appears reasonably calculated to lead to the discovery of admissible evidence. Tex. R.Civ.P. 166b(2)(a). A party who wishes to avoid producing evidence must claim a specific privilege against such production. *Peeples v. Hon. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex.1985). And, the burden of pleading and proving that the requested evidence is not relevant falls upon the party seeking to prevent discovery. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56 (Tex.1986); *Peeples v. Hon. Fourth Supreme Judicial Dist., supra; Independent Insulating Glass v. Street*, 722 S.W.2d 798 (Tex.App.—Fort Worth 1987, writ dism'd).

■ Thus, it appears that under normal circumstances, Ryan had the burden to put on evidence to show that the documents sought to be discovered were not relevant. Therefore, Ryan's reliance solely on the unverified allegation of nonrelevancy in his objection to Valley Forge's request for production of documents does not sufficiently meet his burden of proof.

While the law seems clear in this case that Ryan had the burden to show that the documents sought were not relevant, there may be instances in which the documents sought are so clearly irrelevant that no proof would be required of their nonrelevancy. In fact, we have tacitly acknowledged that an order to produce documents might be so overly broad on its face that it would require production of clearly irrelevant documents and thus be subject to objection without a requirement of proof of nonrelevancy. *Brad Caraway & Associates, Inc. v. Hon. B.D. Moye*, 724 S.W.2d 892 (Tex.App.—Texarkana 1987). This appears not to be the appropriate factual setting for an exception to the general proof requirements set forth in the *Weisel* and *Peeples* decisions, which clearly require that one seeking to avoid compliance with a discovery request plead and prove the right to avoid discovery.

Valley Forge alleged in the trial court that the financial viability of Ryan's "business enterprises" would be relevant to show his personal financial distress, providing the motivation for him to set fire to his own property. In oral argument before this Court, Ryan's attorney conceded that at the time the motion to compel production was presented to the trial court, it was clearly understood by all parties and the court that Ryan owned a controlling interest in each of the two businesses, namely Business Insurance Agency and Ryan General Agency.

Ryan argues that to require production of the records of these two businesses would set a precedent which would require any stockholder of a corporation to furnish the corporate financial records on demand when the stockholder was involved in a lawsuit in which the stockholder's financial condition was an issue. We disagree, and by this decision we establish no such precedent. Were we facing an instance in which Ryan owned a few outstanding shares in a major corporation, e.g., General Motors Corporation, we would agree that it would be unreasonable to require him to produce all of the business records of that corporation. Indeed, he would not be in possession or control of those documents and would be unable to produce them even if ordered to do so. Tex.R.Civ.P. 166b(2)(b) specifically addresses the type of possession or control

that is required before production is ordered by the court:

> Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as the person has, a superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

Ryan's controlling interest in these businesses and his alleged possession of the documents leads us to conclude that there was a question concerning the relevancy of the documents sought, so that the party opposing discovery was required to show evidence that the documents were not relevant. Because of Ryan's failure to produce such evidence, the trial court erred in failing to compel production of the documents sought.

We conditionally grant the motion for writ of mandamus. We are confident that the trial court will vacate its prior order and direct the production of the documents sought. Should it fail to do so, the clerk will issue the necessary writ.