**In re CONTINENTAL INSURANCE COMPANY, as Successor in Interest to Certain Policies Issued by Harbor Insurance Company.**

**No. 10–99–066–CV.**

Court of Appeals of Texas, Waco.

May 12, 1999.

Charles Alfred Mackenzie, Haley & Davis, P.C., Waco, James W. Walker, Katherine A. Grossman & M. Jarrett Coleman, Cozen and O'Connor, P.C., Dallas, for Relator.

Roy L. Barrett & Keith C. Cameron, Naman, Howell, Smith & Lee, Waco, John H. Mathias, Jr., John D. Shugrue & Timothy W. Burns, Jenner & Block, Chicago, ILL, Ralph H. Duggins, Cantey & Hanger, L.L.P., Fort Worth, for Real Party in Interest.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

■ At the hearing on a motion to compel discovery, no evidence was presented by either party. The parties only argued their respective positions. Who wins? Discovery will be ordered because the party resisting discovery has the burden to show the information sought is not discoverable.

## OVERVIEW OF ISSUES

This is a civil discovery mandamus. Relator, Continental Insurance Company, sought discovery in the form of a deposition notice with an attached duces tecum. Union Pacific Resources, the real party in interest, responded in a letter that neither the deponent nor the documents would be produced. Continental filed a motion to compel. There were no affidavits filed prior to the hearing. At the hearing no evidence was introduced. After counsel argued, the trial court refused to order discovery. Because neither party produced any evidence, this mandamus will turn on the burden of proof. We must first address our jurisdiction to issue a writ of mandamus which will necessarily include an analysis of the trial court's order refusing discovery.

## NATURE OF THE LITIGATION

Continental, as an excess insurance carrier, insured Union Pacific Resources as did other excess insurance carriers. Union Pacific Resources has been sued on various claims. Union Pacific Resources has incurred expenses defending those claims and has paid claimants to resolve some of the claims. Several of the other excess carriers have made payments to Union Pacific Resources to compensate Union Pacific Resources for their payment of claims and cost of defense.

In the underlying lawsuit, Union Pacific Resources sued Continental seeking to recover their payments and expenses from Continental. Continental seeks discovery of what Union Pacific Resources has been paid by the other excess carriers and how it was allocated between compensation for claims paid and cost of defense. Continental contends that if Union Pacific Resources has been paid more than their alleged damages, Continental is not liable under its policy on the theory that Union Pacific Resources is only entitled to one full recovery.

After a review of the record, this Court is concerned with the level of gamesmanship being waged in this proceeding at the trial court level. Union Pacific Resources concedes in its brief that some of the information sought by Continental is relevant. They have not produced what they concede is relevant. Union Pacific Resources wants to delay the production of relevant information to avoid losing some perceived advantage in settlement negotiations. It is Union Pacific Resources that initiated this action. They play a dangerous game by failing to produce relevant information. They cannot deny Continental an essential defense by preventing or delaying the production of information that is critical to Continental's defense until it is too late for Continental to effectively use the information. The parties are operating under a discovery control plan that schedules the completion of all discovery, other than experts, by June 30, 1999.

## IS MANDAMUS AVAILABLE?

■ Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 768 (Tex.

1995); *Walker v. Packer*, 827 S.W.2d 833, 839–840 (Tex.1992). We first turn to the question of whether Continental has an adequate remedy at law to challenge the trial court's denial of Continental's motion to compel the deposition and production of documents. Mandamus will not issue where there is a clear and adequate remedy at law. *Able Supply Co.*, 898 S.W.2d at 771. An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Id.* In *Walker*, the Texas Supreme Court noted at least three situations exist in the discovery context where a remedy by an appeal may be inadequate. One of these situations is when there is a denial of discovery going to the heart of a party's case. *Walker*, 827 S.W.2d at 843.

■ Continental's position is simple. Continental contends that it is not liable if Union Pacific Resources has already collected the amount of its claim from other carriers. Alternatively, Continental contends that it is entitled to an off-set for the amount received from other carriers. Continental thus contends that it needs the discovery requested to show that it is not liable, or in the event that it is found liable after other coverage issues have been resolved, the amount of the off-set to which it is entitled. The discovery Continental has been denied goes to the very heart of Continental's case. Mandamus is available to Continental if the trial court abused its discretion in failing to order this discovery.

### DID THE TRIAL COURT ABUSE ITS DISCRETION?

■ Since the Texas Supreme Court's ruling in *Peeples v. Honorable Fourth Supreme Judicial District* in 1985, there has been little doubt that the burden of proof to protect information sought in discovery is on the party refusing to disclose it. As the Court stated:

> We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed . . .

*Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex. 1985). There is an exception to this general rule known as the "apex" deposition doctrine.[1] *Simon v. Bridewell*, 950 S.W.2d 439, 442 (Tex.App.—Waco 1997, orig. proceeding). Only when attempting to take an apex deposition does the burden to show relevance (and particularized knowledge) shift to the party seeking the discovery. *Id.* Continental's motion to compel does not involve this exception. The trial court mistakenly placed the burden of proof on Continental, the party seeking discovery, rather than on Union Pacific Resources, the party resisting discovery. *See Oyster Creek Fin. v. Richwood Inv., II*, 957 S.W.2d 640, 647 (Tex.App.—Amarillo 1997, pet. denied).

The impact of the general rule has been consistently followed and has been codified in the rules of civil procedure. *See* TEX.R. CIV. P. 193.4(a) and note 6 to rule 193. The Texarkana court has stated the rule as follows:

> A party seeking to deny production of evidence must claim a specific privilege against such production [citing *Peeples* ]. Caraway claimed that many of its records were not relevant and thus not discoverable. The burden of pleading and proving that the records were not relevant fell upon Caraway, the party seeking to prevent discovery [citing *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56 (Tex.1986) and *Peeples* ].

---

1. Tax returns have been recognized as an additional exception to the general rule. *See El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 781 (Tex.App.—San Antonio 1994, orig. proceeding). However, *El Centro* relies on cases which predate *Peeples*. Thus, *El Centro* and the cases on which it relies are suspect in light of the clear language of the Texas Supreme Court in *Peeples*, and its progeny.

**944**

*Brad Caraway & Associates, Inc. v. Moye,* 724 S.W.2d 892, 893 (Tex.App.—Texarkana 1987, orig. proceeding). Likewise, Corpus Christi has directly applied the rule by holding that the party resisting discovery failed to present evidence at the hearing and thus failed to meet its burden of proof. The court stated:

> LCC offered no evidence at the hearing to prove that the information requested was irrelevant or that it would be burdensome or harassing to require LCC to produce it. Therefore, LCC did not carry its burden to prove that the information was not relevant or that it would be too burdensome to require LCC to produce it. [citations omitted].

*Collier Services Corp. v. Salinas,* 812 S.W.2d 372, 376 (Tex.App.—Corpus Christi 1991, orig. proceeding).

■ A trial judge who denies discovery in the absence of some evidence supporting non-disclosure abuses his discretion. *See Weisel Enterprises,* 718 S.W.2d at 58. Because Union Pacific Resources produced no evidence at the hearing on Continental's motion to compel discovery, the trial court abused its discretion in denying Continental's request.

### CONCLUSION

We conditionally grant a writ ordering the trial court to vacate its order of February 26, 1999, and directing it to enter an order granting Continental's motion to compel of December 28, 1998, to the extent limited by Continental's counsel at the hearing on the motion to compel. Mandamus will issue only if the court fails to comply.