# In re Marcus FROST and Frost Crushed Stone Company, Inc.

## No. 10–99–200–CV.

Court of Appeals of Texas, Waco.

Sept. 17, 1999.

Reed Jackson, Fairfield, James E. Studensky, Waco, for Relator.

Blake C. Erskine, Austin, for Real Party in Interest.

Robert Stem, Marlin, for Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

This mandamus action arises from a discovery order directing Relators, Marcus Frost and Frost Crushed Stone Company, Inc. ("Frost"), to produce a customer list to Odell Geer Construction Company, Inc. ("Geer"), the real party in interest. Geer sued Frost for breach of an oral contract, promissory estoppel and fraud, alleging that Frost failed to provide crushed stone for a construction project. Frost and Geer are occasional competitors in the crushed-stone business.

Geer sought discovery of Frost's customer list. At the hearing, Marcus Frost testified that the list is a trade secret, is kept confidential, and is essential to his business. Respondent, the Honorable Robert Stem, determined that the customer list was a trade secret and ordered it disclosed with a protective order prohibiting anyone but the parties, their attorneys and their experts from viewing the list.

Frost filed this mandamus proceeding and sought emergency relief, which we granted by staying Respondent's order to produce the list. Although a response was requested from Geer, none has been filed.

■ Rule of Evidence 507 provides a privilege for a party to refuse to disclose its trade secrets "if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." TEX.R. EVID. 507; *In re Continental Gen. Tire, Inc.*, 979 S.W.2d 609, 610 (Tex.1998). Once a party resisting discovery establishes that information is a trade secret, the burden shifts to the requesting party to establish that the information is "necessary for a fair adjudication of its claims." *In re Continental*, 979 S.W.2d at 613. Because of the nature of trade secrets, Rule 507 contemplates a higher burden than mere relevancy of the information. *Id.* at 613–14. If the requesting party meets that burden, the court should compel disclosure of the information subject to an appropriate protective order. *Id.* at 613. The court must weigh the degree of the requesting party's need for the information against the potential harm of disclosure to the resisting party. *Id.*

■ Because Respondent found the customer list is a trade secret, Geer had the heightened burden of establishing that the list was necessary for a fair adjudication of its claims. *Id.* at 614. Geer argued that it wanted to discuss Frost's "custom and trade and usage" with the customers. No evidence was presented to support a finding that the information was necessary for a fair adjudication of the claims. *Id.* Thus, Respondent abused his discretion by ordering the list to be produced, even though he also protected its use and disclosure.

We conditionally grant mandamus relief directing Respondent to vacate his order compelling Frost to produce its customer list. Because we are confident that Respondent will comply with our decision, the writ will issue only if he fails to do so.