**In re LEVITON MANUFACTURING CO., INC., Relator.**

No. 10–99–189–CV.

Court of Appeals of Texas, Waco.

Oct. 7, 1999.

Mark Lapidus, Burck, Lapidus & Lanza, P.C., David W. Holman, The Holman Law Firm, P.C., Houston, for relator.

Jeffrey W. Chambers, W. Kelly Puls, Puls & Chambers, L.L.P., Fort Worth, Katheryn J. Gilliam, Waco, for real parties in interest.

Wayne Bridewell, Cleburne, for respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

At the hearing on a motion to compel discovery, one party asserted a trade secret privilege while another party sought to have discovery ordered. Respondent, the judge for the 249th Judicial District Court of Johnson County, ordered production under a protective order. The party asserting the trade secret privilege brings this mandamus to prevent disclosure. Any party attempting to overcome a trade secret privilege has the burden to show that the information is necessary for the fair adjudication of its claims. Because this burden has not been met, discovery should not have been ordered, and we therefore conditionally grant the writ of mandamus.

### OVERVIEW OF ISSUES

This is a civil discovery mandamus. Bernice W. Calloway, et al, the real parties in interest, sought discovery of prototypes of certain product designs and related information and documents. The relator, Leviton Manufacturing Co., Inc., resisted the scope of the discovery.

At the hearing on a motion to compel, affidavits were admitted into evidence and portions of an expert's deposition was read into evidence. After counsel argued, the trial judge specifically referenced *In re Continental General Tire, Inc.,* 979 S.W.2d 609 (Tex.1998), implicitly found that the trade secret privilege had been proven, and ordered that Leviton produce the items requested under a protective order pursuant to Texas Rule of Evidence 507.

In this mandamus, Leviton seeks to prevent disclosure of the items. Leviton contends that it established the trade secrets privilege concerning its new prototypes and designs, and that the real parties in

interest failed to establish that disclosure of these items is necessary for a fair adjudication of their claim. Thus, Leviton argues the trial court abused its discretion in ordering disclosure of the privileged items. The real parties in interest have not attacked the court's finding that the information was a trade secret, but assert that Leviton waived the privilege.

## NATURE OF THE LITIGATION

The underlying action consists of a wrongful death and survival action based upon product liability theories. Dickey Ray Calloway died while mowing his yard with an electric lawn mower. The plaintiffs allege that Calloway was electrocuted. Calloway was using a lawn mower built by Black & Decker. He lived in a home built by Redman Homes. The home was built using an electric outlet designed by Leviton. The outlet was made to open the circuit if it detected that the electricity was going to a ground point rather than completing the circuit.

## IS MANDAMUS AVAILABLE?

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 768 (Tex. 1995); *Walker v. Packer*, 827 S.W.2d 833, 839–840 (Tex.1992); *In re Continental Ins. Co.*, 990 S.W.2d 941 (Tex.App.—Waco 1999). Because mandamus is an extraordinary writ, "interference is justified only when parties stand to lose their substantial rights." *Walker*, 827 S.W.2d at 842, (quoting *Iley v. Hughes*, 311 S.W.2d 648, 652, 158 Tex. 362, 368 (Tex.1958)). We first turn to the question of whether Leviton has an adequate remedy at law to challenge the trial court's order to produce.

In *Walker v. Packer*, the Texas Supreme Court noted that at least three situations exist in the discovery context where a remedy by an appeal may be inadequate. The court included situations where the appellate court would not be able to cure the trial court's discovery error on appeal. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as trade secrets, without adequate protections to maintain the confidentiality of the information. *Walker v. Packer*, 827 S.W.2d at 843.

While Leviton does not directly challenge the adequacy of the protective order, it does maintain that because the prototypes are in the design stage only, and have not been patented nor marketed, disclosure would result in an enormous commercial and competitive disadvantage. Leviton maintains that the designs are new to the industry, were first conceived in June of 1998, and that disclosure of any of the information prior to the grant of a pending patent of this trade secret would result in irreparable harm. If the items sought are trade secrets and were erroneously ordered disclosed, even under a protective order, irreparable harm will result and mandamus is appropriate.

## IS THE PRIVILEGE WAIVED?

Callaway asserts that Leviton failed to timely assert the trade secret privilege and thus the privilege is waived. The burden of proof to protect information sought in discovery is on the party refusing disclosure. See Tex.R. Civ. P. 193.4(a) and note 6 to rule 193; *In re Continental Ins. Co.*, 990 S.W.2d at 942. Any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed. *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985).

There is a preliminary question of whether the waiver issue is properly before us in this mandamus proceeding. There is no question that if the trial court had found a waiver of the trade secrets privilege and ordered unprotected disclosure of the information, that finding would

be reviewed as part of a mandamus proceeding to prevent disclosure. However, if we hold the privilege was waived as Calloway argues, it would not support the trial court's order. Rather, the proper order would have been disclosure without any provisions for protection of the information. In this instance, the trial court did not find a waiver. If Calloway is correct in the assertion that the privilege has been waived, we will never reach the question of whether or not the trial court abused its discretion in ordering limited disclosure of the trade secrets since he could have disclosed them without any protection. After Calloway raised the issue of waiver, the burden rested on Leviton, as the party resisting discovery, to show that no waiver in fact occurred. *Shell Western E & P, Inc. v. Oliver*, 751 S.W.2d 195, 196 (Tex. App.—Dallas, no writ) (citing *Jordan v. Court of Appeals for Fourth Supreme Judicial District* 701 S.W.2d 644, 649 (Tex. 1985)). Thus, it is necessary for us to directly decide the preliminary question of whether the trade secrets privilege had been waived, an issue that has been properly preserved, briefed and argued.

■ To fully understand the waiver claim, it is necessary to briefly review the history of this discovery dispute. Unhappy with Leviton's responses to certain discovery, Calloway filed a motion to compel. The order on this first motion to compel, dated February 17, 1999, pertained to discovery of information about a prototype for an intelligent ground fault circuit interrupter (IGFCI). Leviton had objected because the term "intelligent ground fault circuit interrupter" was not clearly defined. Prior to the hearing, the parties agreed to limit the request to a prototype which was patented by Leviton. In the February order, the judge defined the scope of the requested discovery as "any prototype of the IGFCI patents held by Leviton or any GFCI prototype that incorporates fail safe technology." Leviton then filed a supplemental answer and stated that such prototypes did not exist or to the extent that such information exists, it had already been produced.

In the second motion to compel, Calloway quoted the deposition of Leviton's expert in an effort to show that technology or prototypes did exist that would have been within the definition in the discovery order. Leviton responded by quoting language from the same deposition that asserted that such technology or prototypes did not exist, and filed affidavits of two experts, each of whom had already been deposed. In its response, Leviton asserted that Calloway was now attempting to broaden the original discovery request to include two prototypes discussed in the deposition of its expert Mr. Campolo, neither of which is a prototype for the patented IGFCI or of a GFCI that incorporates fail-safe technology and as such no discovery request had previously sought production of the items which Calloway now sought to compel.

However, realizing that the scope of the discovery request as broadened by Calloway in the second motion to compel could be construed to include items protected by a trade secret privilege, Leviton also made a written objection that the request sought information which is a trade secret and asserted the privilege to refuse disclosure of the information. Specifically, Leviton asserts this privilege in relation to all information and prototypes of two items with pending applications for patents. No patent has been granted for either of the items to which Leviton asserted their trade secret privilege. The written objection in Leviton's response to the second motion to compel was asserted in a timely fashion. By ordering production under a protective order, the trial judge implicitly found the privilege had been proven (specifically applying *In re Continental General Tire, Inc.*, 979 S.W.2d at 612), and did not find waiver of the privilege for failure to assert it in a timely manner. The trial court did not err in its determination that Leviton had not waived the privilege.

## THE SHIFTING BURDENS OF RULE 507, TRADE SECRET PRIVILEGE

■ Rule 507 of the Texas Rules of Evidence, provides that a party may refuse to disclose a trade secret owned by the person if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. Tex.R. Evid. 507. The trade secret privilege seeks to accommodate two competing interests. First, it recognizes that trade secrets are an important property interest, worthy of protection. Second, it recognizes the importance of the fair adjudication of lawsuits. *In re Continental General Tire, Inc.,* 979 S.W.2d at 612.

■■ When a party resisting discovery establishes that the requested information is a trade secret under Rule 507, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense.[1] *In re Continental General Tire, Inc.,* 979 S.W.2d at 612. The trial judge applied *In re Continental,* and found, by implication, that Leviton had established the trade secret privilege of Rule 507. The burden then shifted to Calloway to establish that the information was necessary for a fair adjudication of its claim.[2] A showing of relevance alone is not adequate.

■ Where a requesting party meets the burden required by *In re Continental* and Rule 507, that the information is necessary for a fair adjudication of its claim, the trial court should order disclosure of the information, subject to an appropriate protective order. In each circumstance, the trial court must weigh the degree of the requesting party's need for the information with the potential harm of disclosure to the resisting party. *In re Continental General Tire, Inc.,* 979 S.W.2d at 613.

## THE EVIDENCE AT THE HEARING

■ The hearing focused upon the deposition testimony of Leviton's expert.[3] Mr. Campolo, the Vice–President of engineering for Leviton, testified in his deposition that the new designs are designed to take steps in the direction of a safer product, that such devices do not incorporate fail-safe technology, and that there is no prototype that incorporates fail-safe technology. When Campolo was asked to provide the names of people that have designed prototypes for an intelligent ground fault circuit interrupter, he answered that there are no such people because there is no such prototype. He also testified that he has talked with the Consumer Products Safety Commission, that Leviton has pro-

1. Calloway does not claim that the failure to disclose will result in fraud, thus we address only the issue of whether failure to disclose will work an injustice.

2. The concept of "shifting burdens" and the way in which the cases discuss it is often misleading. The cases discuss that where one party establishes a given set of facts the "burden shifts" for the other party to prove some other fact. There is no discreet point at which the judge turns to the parties and says—"O.K. the trade secret privilege has been established, the burden has shifted, now you must establish that the information is necessary for a fair adjudication of your claims or defenses." There is only the one hearing when the evidence is submitted. Only after the trial court has ruled can the niceties of a "shifting burden" be discussed and reviewed. It is incumbent upon the parties to anticipate what the evidence may es-

tablish and make the objections and submit the evidence necessary to establish each fact necessary to support the requested relief.

3. Two of Leviton's experts had also provided detailed affidavits. The affidavits failed to specifically allege the facts recited therein were "true." Calloway did not object to the affidavits when they were offered and admitted into evidence. Calloway now asserts they are "no evidence," citing *Humphreys v. Caldwell,* 888 S.W.2d 469 (Tex.1994). If they are "no evidence," Calloway contends that no objection was needed to preserve this complaint about the affidavits. Because we find the testimony from the expert's deposition read into evidence during the hearing was sufficient to establish Leviton's trade secret privilege, we do not find it necessary to decide Calloway's complaint that the affidavits are fatally deficient.

vided to them prototypes that contain different and new designs, but that he does not consider the new designs as modifications of the product at issue in this case.

Calloway did not produce any evidence showing why the information was needed in order to fairly adjudicate the claims. Instead, Calloway attempted to show that the discovery request encompassed the patent pending items and their relevance. The item at issue in the underlying suit was manufactured at least twelve years prior to the items being sought in the motion to compel. The evidence submitted at the hearing was to the effect that Leviton's expert considered the patent pending items to be different products from the item at issue in this suit. Calloway directs us to testimony that could possibly be considered as conflicting with this testimony. This testimony may raise a question of whether the items are relevant. However, the critical issue for this hearing was for Calloway to establish that continued protection of Leviton's trade secret information would "... tend to conceal fraud or otherwise work injustice." TEX.R. EVID. 507. Calloway did not meet the burden of proof required to trigger the protected disclosure under Rule 507.

## CONCLUSION

The trial judge found the trade secret privilege was established but ordered discovery even though the party seeking the information had not met its burden under Rule 507 to show the information was necessary to a fair adjudication of the claim. We accordingly conclude that the trial court abused its discretion. Because the trial court has ordered Leviton to produce privileged trade secret information, Leviton has no adequate remedy by appeal. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

We conditionally grant a writ of mandamus ordering the Respondent to vacate its order of June 1, 1999. Mandamus will issue only if Respondent fails to comply.