Criminal Case Template











 


COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS







IN RE: MATTHEW ARDEN,


 Relator.

§


§


§


No. 08-03-00269-CV


AN ORIGINAL PROCEEDING IN


MANDAMUS

 


MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

 Relator, Matthew Arden, asks this Court to issue a writ of mandamus against
Respondent, the Honorable William Moody, Judge of the 34th District Court of El Paso
County, Texas. For the reasons stated, we conditionally grant the writ.

I. SUMMARY OF THE EVIDENCE

 Real Party in Interest, Gerald Bryan ("Bryan"), sued Relator Matthew Arden 
("Arden") asserting negligence following an automobile collision which occurred on
February 6, 2001. Bryan suffered physical injuries in the accident after Arden rear-ended
his vehicle. At the time of the collision, Bryan's vehicle while driving southbound on
Doniphan Road in El Paso, Texas. Immediately upon impact, Bryan's vehicle was hurled
into on-coming northbound traffic and ultimately collided head-on with a second vehicle. 

 Farmers Insurance Group insured Arden. Farmers obtained a recorded statement
from Arden through Eric Dahlgren, an insurance adjuster, just two days after the
collision. The record shows that the adjuster had 17 years' experience as a claims
representative and was familiar with the factors that distinguished cases that would likely
advance to litigation from those that would not. The adjuster took Arden's witness
statement after it became apparent that the unusual claim would likely proceed to
litigation due to the nature of the collision, damages, and injuries involved. In his
affidavit, the adjuster stated that he secured Arden's recorded statement, while acting as
his representative, for the purpose of obtaining and facilitating his legal representation
because he believed that the carrier would owe him a legal defense. 

 In course of litigation, Bryan requested production of Arden's witness statement
and Arden initially refused by asserting the work product privilege within his objections. 
Consequently, Bryan moved to compel discovery. A hearing on Bryan's motion to
compel discovery was held on April 29, 2003. The adjuster's affidavit was the only
evidence presented, asserting that the adjuster secured Arden's recorded statement as his
representative for the purpose of obtaining and facilitating his legal representation. In
turn, Arden moved for a protective order asserting that although witness statements are
not work product, such statements can still be protected by the attorney-client
communication privilege. On May 16, 2003, the trial court granted the motion to compel
production and consequently denied Arden's motion for a protective order to extend the
attorney-client privilege to witness statements in anticipation of litigation. The trial court
made its decision to compel without taking the opportunity to review the witness
statement in camera. 

 A subsequent hearing was held on June 2, 2003, in which only argument of
counsel was presented, and in which the trial court suspended enforcement of its previous
order pending resolution of this matter by this mandamus action. 

II. DISCUSSION

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other
adequate remedy at law. Id. The issue presented in this mandamus proceeding is whether
the trial court clearly abused its discretion by compelling the relator to produce the
witness statement taken by the insurance adjuster in anticipation of litigation. Relator
argues that the trial court clearly abused its discretion by erroneously allowing discovery
of the witness statement because it was protected by the attorney-client privilege. On the
other hand, Bryan refutes that it is not a clear abuse of discretion to order the production
of the relator's witness statement because it was not protected by the attorney-client
privilege. 

A. Clear Abuse of Discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A
clear abuse of discretion warranting correction by mandamus occurs when a court issues a
decision which is without basis or guiding principles of law. Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

 In the case at bar, the Relator refused to produce the recorded witness statement
requested by asserting protection within the scope of the attorney-client privilege. Relator
suggests that the recorded witness statement was secured while the adjuster acted as his
representative for the purpose of obtaining and facilitating his legal representation. 
Relator submitted the adjuster's affidavit as evidence confirming that the adjuster
obtained the witness statement from Arden--while acting as his representative--in
anticipation of litigation, knowing that the insurance carrier would owe him a legal
defense. In addition, the adjuster verified that he procured the witness statement with the
purpose of obtaining and facilitating the legal representation the insurance carrier would
be required to provide. 

 A party resisting discovery bears burden of proving any applicable privilege. In re
Exxon Mobil Corp., 97 S.W.3d 353, 357 (Tex. App.--Houston [14th Dist.] 2003, no pet.)
(orig. proceeding) (citing Huie v. DeShazo, 922 S.W.2d 920, 922 (Tex. 1996). See e.g.,
Tex. R. Evid. 503(b)(1). To make a prima facie showing of the applicability of a
privilege, the party must plead the particular privilege, produce evidence to support
privilege through affidavits or testimony, and produce documents for an in camera
inspection, if a trial court determines review is necessary. Exxon, 97 S.W.3d at 357
(citing In re Valero Energy Corp., 973 S.W.2d 453, 457 (Tex. App.--Houston [14th Dist.]
1998, no pet.) (orig. proceeding)). Here, the relator has established a prima facie claim of
privilege by pleading the attorney-client privilege and producing the adjuster's affidavit
necessary to support the contention that the communication between Arden and the
adjuster was protected by the attorney-client privilege. 

 In the instant case, the real party in interest contends that it was not a clear abuse
of discretion to order the production of the recorded conversation between the insured and
his insurer. Bryan compels this Court to refuse to acknowledge the communication
between the insured with his representative as protected by the attorney-client privilege as
a matter of law. We decline to do so.

 The discovery rules allow a party to obtain discovery of the statement of any
person with knowledge of relevant facts--a "witness statement"--regardless of when the
statement was made and such statements are not protected by the work-product privilege. 
In re Fontenot, 13 S.W.3d 111, 113 (Tex. App.--Fort Worth 2000, no pet.) (orig.
proceeding). See also Tex. R. Civ. P. 192.3(h); Tex. R. Civ. P 192.5(c)(1). Comment
Nine to Rule 192, however, instructs that this broad rule applies only to non-privileged
statements: "[e]limination of the 'witness statement' exemption does not render all
witness statements automatically discoverable but subjects them to the same rules
concerning the scope of discovery and privileges applicable to other documents or
tangible things." Fontenot, 13 S.W.3d at 113. See also Tex. R. Civ. P. 192.3(h). In
Fontenont, the court found that the real party in interest's broad interpretation of the
witness-statement rule would render all witness statements discoverable and would
effectively abrogate the attorney-client privilege. Fontenot, 13 S.W.3d at 114. The court
also held that a witness statement contained within a confidential communication between
attorney and client is privileged and protected from discovery. Id. "The attorney-client
privilege is one of the oldest privileges recognized by the common law, and we believe
that if the Texas Supreme Court had intended to eliminate the attorney-client privilege as
it applies to witness statements it would have expressly done so." Id.

 In the instant case, Relator suggests that the witness statement is privileged
because the adjuster recorded the witness statement while acting as his representative and
thus constitutes confidential communications between a client, a client's attorney, and a
client's representatives for the purpose of facilitating the rendition of professional legal
services to the client. See Tex. R. Evid. 503(b)(1)(B)(D). We agree. 

 A "representative of the client," for purposes of the attorney-client privilege, is "a
person having authority to obtain professional legal services, or to act on advice thereby
rendered, on behalf of the client." Fontenot, 13 S.W.3d at 113. See also Tex. R. Evid.
503(a)(2)(A). Under this interpretation, the insurance adjuster's role in recording the
witness statements in lieu of the relator's legal defense would reasonably be interpreted as
a representative of the client. Therefore, the adjuster's role in collecting Arden's witness
statement was as a representative acting with the purpose of obtaining and facilitating
Arden's legal representation, rendering their communication protected by the
attorney-client privilege. We find that the trial court abused its discretion in ordering
production of the witness statement protected by such an attorney-client privilege. 

 In addition, Bryan argues that Arden failed to timely assert the attorney-client
privilege and has therefore waived the complaint. We note that Arden was served with a
request for production and a request for disclosure from Bryan on August 14, 2001, along
with Bryan's original petition. He was afforded fifty days to file objections and responses
to the requests for production. On September 12, 2001, he timely filed his objections to
the discovery requests by invoking an invasion of the work product privilege. See Tex.
R. Civ. P. 196.2(a)(b). Then, on October 10, 2001, Arden filed responses to Bryan's
requests for production, pursuant to Rule 196. See Tex. R. Civ. P. 196.2(a)(b). Id. 

 The record shows that Arden did not assert protection by the attorney-client
privilege until it moved for a protective order following a hearing on April, 29, 2003,
over Bryan's motion to compel discovery. Any party who seeks to exclude documents,
records, or other matters from the discovery process has the affirmative duty to
specifically plead the particular privilege or immunity claimed. In re Leviton Mfg. Co., 1
S.W.3d 898, 900 (Tex. App.--Waco 1999, no pet.). See also Tex. R. Civ. P. 193.4(a) and
note 6 to Rule 193; In re Continental Ins. Co., 990 S.W.2d at 942. Moreover, to object to
a discovery request, the responding party must make a timely objection in writing and
"state specifically the legal or factual basis for the objection and the extent to which the
party is refusing to comply with the request." See Tex. R. Civ. P. 193.2(a). 

 It is clear that a party who claims that material or information responsive to written
discovery is privileged may withhold the privileged material or information from the
response but must state--in the response (or an amended or supplemental response) or in a
separate document--that: (1) information or material responsive to the request has been
withheld, (2) the request to which the information or material relates, and (3) the privilege
or privileges asserted. Tex. R. Civ. P. 193.3(a). Rule 193.3 does permit the party to
withhold privileged material, but the rule does require the party to advise the other side
that he has withheld material, tell them what request is involved, and set out the privilege
asserted. In re Learjet Inc., 59 S.W.3d 842, 846 (Tex. App.--Texarkana 2001, no pet.). 
In the instant case, Arden satisfied this requirement by timely withholding the witness
statement within the objections filed on or about September 12, 2001, and by stating the
attorney-client privilege within his subsequent response to Bryan's motion to compel
discovery and within his own motion for a protective order as his legal basis for the
objection and the extent to which he refused to comply with the request. See Tex. R. Civ.
P. 196.2(a); 193.3(a); 193.2(a). 

 An objection that is not made within the time required, or that is obscured by
numerous unfounded objections is waived unless the court excuses the waiver for good
cause shown. See Tex. R. Civ. P. 193.2(e). In the instant case, we find that Arden timely
submitted his objections to the production request and properly withheld the witness
statements. He properly objected, asserting the attorney-client privilege only after
abandoning the work product privilege in the supplemental response to the motion to
compel discovery.

B. No Adequate Remedy by Appeal

 Mandamus will not issue where there is "a clear and adequate remedy at law, such
as a normal appeal." Walker, 827 S.W.2d at 840 (quoting State v. Walker, 679 S.W.2d
484, 485 (Tex. 1984)). Mandamus is intended to be an extraordinary remedy, available
only in limited circumstances. The writ will issue "only in situations involving manifest
and urgent necessity and not for grievances that may be addressed by other remedies." 
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) (quoting James
Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil
Appeals of Texas in Appellate Procedure in Texas § 1.4(1)(b) at 47 [2d Ed. 1979] ).

 The Texas Supreme Court has noted various situations in the discovery context
when an appeal is not an adequate remedy and when mandamus is proper. One such
instance, as in the case at bar, occurs when the trial court has erroneously ordered the
disclosure of privileged information that will materially affect the rights of the aggrieved
party, such as documents protected by the attorney client privilege. In those situations, an
appeal is not an adequate remedy since an appellate court would be unable to cure such
error. Walker, 827 S.W.2d at 843. Relator has made such complaint in the matter before
us. If a trial court errs in ordering that privileged material must be disclosed, there is no
adequate remedy at law; consequently, mandamus is the proper remedy. In re Anderson,
973 S.W.2d 410, 411 (Tex. App.--Eastland 1998, no pet.). 

 

 Given the above, we conditionally grant the Relator's petition for writ of
mandamus. We are confident the trial court will comply with this order, thus writ will not
issue unless it fails to vacate its letter order of May 16, 2003 granting protection of
Relator's witness statement from discovery by the attorney-client communications
privilege. 

March 24, 2004


 

 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.