

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00039-CV
_____


IN RE:
WASTE MANAGEMENT OF TEXAS, INC.



Original Mandamus Proceeding



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Competing head to head for the waste disposal business in Lamar County, Waste Management of Texas, Inc., and Josh Bray, d/b/a Sanitation Solutions, are currently litigating Bray's antitrust, predatory-pricing, claims against Waste Management. In the litigation, Bray initially sought discovery of, among other things, Waste Management's customer lists and pricing schedules,[1] a move which Waste Management resisted. Eventually, in May 2007, the parties agreed to a protective order under which certain information would be recognized as confidential in two tiers: "Confidential" and "Confidential - Attorneys' Eyes Only."

"Confidential - Attorneys' Eyes Only" information would be disclosed to Bray's attorneys, but only for viewing by attorneys and experts, not by Bray or others.[2] In early 2009, Bray sought and received an order from the Sixth District Court in Lamar County, allowing Josh and Barney Bray to view the records marked "Confidential - Attorneys' Eyes Only." From that order, Waste Management has petitioned this Court for mandamus relief. We conditionally grant the requested

---

[1]The subject of this discovery dispute is Waste Management's "Lamar County customer names and addresses, Lamar County customer pricing information, and Waste Management's terms of service for every commercial and industrial customer in Lamar County."

[2]The order, dated May 10, 2007, broadly speaking allows the parties to designate certain discovery items as "Confidential" or "Confidential - Attorneys' Eyes Only." It appears this was intended to allow the parties to disclose, as fully as practical, information relevant to the opposing party's requests, but still protect the respective provider from having his or its privileged information disclosed to others beyond the terms of the agreed order.

mandamus relief, because Bray did not prove necessity for the additional disclosure of the confidential information.

Bray contends that his "experts and lawyers lack expertise," and therefore, it was necessary for Josh and Barney Bray to view the information. The trial court held a hearing February 27, 2009, that consisted solely of argument of counsel. Each side then submitted a letter brief. The trial court issued a March 31, 2009, order amending the discovery order and allowing Josh and Barney Bray to have access to the materials Waste Management maintains are privileged.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985).

> In a situation such as this, where one party opposes discovery sought by the opposing party,
>
> the party resisting discovery must establish that the information is a trade secret. The burden then shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claims. If the requesting party meets this burden, the trial court should ordinarily compel disclosure of the information, subject to an appropriate protective order. In each circumstance, the trial court must weigh the degree of the requesting party's need for the information with the potential harm of disclosure to the resisting party.

3

*In re Cont'l Gen. Tire*, 979 S.W.2d 609, 613 (Tex. 1998) (orig. proceeding) (applying Rule 507 of Texas Rules of Evidence).

Though Bray now claims that the material has not been proven to be a trade secret, both parties seem to have agreed that trade secrets were at issue, as evidenced by their agreement to the initial order recognizing certain information as confidential and regulating discovery of that confidential information.[3] We, therefore, turn to Bray's burden to prove to the trial court that his and Barney's viewing the disputed Waste Management information was necessary to a fair adjudication of his claims.

The party seeking to obtain disclosure of a trade secret must make a particularized showing that the information is necessary to the proof of one or more material elements of the claim and that it is reasonable to conclude that the information sought is essential to a fair resolution of the lawsuit. *In re XTO Res. I, LP*, 248 S.W.3d 898, 904 (Tex. App.—Fort Worth 2008, orig. proceeding) (citing *Cont'l Gen. Tire*, 979 S.W.2d at 611–12). "[T]he test cannot be satisfied merely by general assertions of unfairness. Nor is it enough to show that the information would be useful to the party's expert; the party must show that it is necessary." *XTO Res. I, LP,* 248 S.W.3d at 904 (citing *Cont'l*

---

[3]Waste Management provided the trial court with an affidavit that addressed many, if not all, of the factors the Texas Supreme Court has described in determining whether information is a trade secret. *See generally In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003) (orig. proceeding). Customer lists, pricing information, client information, customer preferences, buyer contacts, blueprints, market strategies, and drawings have all been recognized as trade secrets. *T-N-T Motorsports, Inc. v. Hennessy Motorsports, Inc.*, 965 S.W.2d 18, 22 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We conclude that, because the parties agreed to the confidentiality of the information, we are not required to address that issue.

*Gen. Tire*, 979 S.W.2d at 611). The trial court is to weigh the degree of the requesting party's need for the information against the potential harm of disclosure to the resisting party. *Cont'l Gen. Tire*, 979 S.W.2d at 613.

In *XT*O, the expert for the party seeking discovery testified only that access to the disputed discovery items would be "very helpful" and "of assistance." *XTO*, 248 S.W.3d at 905. The appellate court found the party failed to carry its burden of proving that disclosure of the disputed items was necessary to a fair adjudication of its claims. There was testimony that "at least some of the underlying data were available from other sources. And [the expert] did not testify that he could not form an opinion without the requested information." *Id*. Accordingly, the Fort Worth court held that the trial court abused its discretion in allowing the discovery.

The real result of the trial court's order in the situation before us is that the pool of persons eligible to view the trade secrets in question, designated "Confidential - Attorneys' Eyes Only," was expanded to include Josh and Barney Bray. This modification of the previously agreed discovery order would have the effect of allowing the plaintiffs themselves to see information which the parties had previously agreed was confidential. At the hearing on Bray's request to modify the discovery order, Bray offered no evidence to the trial court to establish the necessity of the requested discovery. The hearing consisted entirely of argument of counsel. Following the hearing, both parties submitted short letter briefs to the trial court citing legal authority for their positions. Bray outlined the law on this topic and claimed he had "shown that the information is necessary for a fair adjudication of the

claim." *See Bass*, 113 S.W.3d at 739–42. Notwithstanding this assertion, we can find no place in the record where Bray provided any evidence establishing his need for the information.

In *Bass*, royalty interest owners sued the mineral rights holder, alleging that, when the mineral rights holder failed to develop the land in question, they thereby breached an implied duty to the royalty interest owners. The Texas Supreme Court held the royalty interest holders failed to establish any duty was violated by Bass and, therefore, failed to meet their burden of proving the requested discovery was necessary. Hence, the Court held the trial court abused its discretion by ordering Bass to produce the data in question, which the Court held to be trade secrets. *Bass*, 113 S.W.2d at 745–46.

The Waco Court of Appeals addressed similar situations in two cases about ten years ago. In both *In re Leviton Mfg. Co.*, 1 S.W.3d 898, 903 (Tex. App.—Waco 1999, orig. proceeding), and *In re Frost*, 998 S.W.2d 938, 939 (Tex. App.—Waco 1999, orig. proceeding), the appellate court found the trial court erred in ordering discovery where the seeking party had failed to demonstrate the material was necessary. In *Leviton*, the proponent of receiving the discovery showed only that the items at issue in the discovery dispute, while possibly relevant to the suit, were different from the items at issue in the suit. Therefore, the proponents did not establish the necessity of receiving the items, and the trial court erred in ordering their production. In *Frost*, the suit was between rival corporations, and one party wanted discovery of the other's customer list. The Waco court found the trial court erred when, after finding the list to be a trade secret, it nonetheless ordered its production (with a protective order in place). This was held to be an abuse of discretion where the seeking party

6

offered no evidence to support a finding the information was necessary for a fair adjudication of the claims. *Frost*, 998 S.W.2d at 939.

Because Bray failed to offer any evidence showing production of the information at issue was necessary for a fair adjudication of his claims, Bray did not meet his burden of proof as required by *Continental General Tire*. Because the trial court, nonetheless, ordered production, it erred. We conditionally grant the petition. A writ of mandamus will issue if the trial court does not withdraw its order of March 2, 2009.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 27, 2009
Date Decided:       May 28, 2009