*1145-15*

3-

IN THE

ORIGINAL

TEXAS COURT OF CRIMINAL APPEALS

PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

IN CASE# 05-14-00695-CR

FROM THE FIFTH DISTRICT COURT OF APPEALS

AT DALLAS, TEXAS

On Appeal from the 196th Judicial District Court

HUNT COUNTY, TEXAS

Trial Ct.# 28576

FILED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

JAMES EDWARD ROGERS JR., PETITIONER PRO SE

VS.

STATE OF TEXAS, FIFTH DIST.CT.OF \/APPEALS

&

196th Judicial Dist.Ct. Hunt,Co,,Tx.

TO THE HONORABLE JUDGE(S) OF THE COURT OF CRIMINAL APPEALS;

COME's NOW, JAMES EDWARD ROGERS JR, Petitioner pro se herein, and files this his PETITION FOR DISCRETIONARY REVIEW (PDR), and would show this Hon. Ct. the following reason(S) WHY he feels said "DISCRETION IS WARRANTED".....as follows; U.S.C. A.-14 , DUE PROCESS VIOLATION

#1. There is a question of the "INTERPRETATION" of Texas Statutes (Tx.C.C.P. ART.38.14 and .17) SEE: Direct Appeal Brief by Petitioners Atty, Mr. John S. Butler, and compare to the States Reply Brief, and the decision of the Fifth Court of Appeals (District Court of Appeals)which are attached hereto for the Courts convenience;

#2. NOTE: A MOTION FOR EXTENTION OF TIME FOR FILING THIS PDR PRO SE WAS SUBMITTED TO THIS HON. CLERKS OFFICE ON August 28th 2015.

1

*Petitioner pro se IS LEGALLY BLIND and must have another 'prisoner' assist him with this pro se litigation, which sometimes isn't immediately available . Petitioner pro se has no more funds to pay an atty. and this A LIFE SENTENCE worthy of all possible consideration of this Hon. Ct. in reviewing and fairly emplimenting the proper "INTERPRETATION" OF TEXAS STATUTES (TX.C.C.P. ART 38.14 & .17)........"WITHOUT TWISTING WORDS" and/or "MANIPULATING" and "CIRCUMVENTING" "JUSTICE" as it was intended when passed through the legislature......(?)    SEE ALSO: MOTION FOR EXTEN--TION OF TIME" (A copy again attached hereto).
#3.

#3.   Petitioner's Appeal Atty,, Mr. Butler, clearly pointed out that 'there was no evidence that Appellant knowingly possessed the drugs', 'no evidence that he put in the containers in which they were found', 'no evidence that he placed the drugs in the vehicle', and, indeed, the accomplice witness, testified that she brought the bag containing the drugs to the car and placed it at her feet',(RR Vol.3p.202)   AND 'there is nothing to coorborate her statement that she did this at the Appellants request'...(RR Vol3p.201).   Furthermore, the accomplice, Rachel Louise Powell, is, admittedly, from her own statements, a thief and forger (RR.Vol.3 p.194), who admitted that she planned to do theft again, and who was found, not only in possession of the drugs but also in possession of a criminal instrument at the scene of the arrest(RR.Vol 3.p.197)......

#4.   THE ONLY evidence that might remotely connect Appellant pro se to the crime , aside from his presence in the vehicle, was a 'brown colored prescription bottle' with the name James Rogers on it(RR.Vol.3 P.102).

Even this, his name on the bottle appears pretty questionable , in so far as the jury, during its deliberations, asking to see the pill bottles, then asking for a "MAGNIFYING GLASS".?   XXXX(RR.Vol.X4.p.45-46)

Granting, it is the juries role to decide if the bottle had the Appellant/Petitioner pro se's name on it , it still does connect him to the commission of the crime, and coorborating-witness Ms Powell, already admitted to being inside the petioners house, which would make such an item as a pill bottle readily available to her for puting her drugs in(?)

(It could be noted that a relative of hers is task force agent, and it is obvious that NOBODY ELSE was even CHARGED with these drugs)?

SEE: Appellants brief, States Reply and Dist.Ct.of Apps Memorandum

NOTE: Petitioner pro se does not have funds or the ability furnish this Hon. Ct. with a copy of the States Ct. Reporters statement of facts but the Trial Ct. and/or the Dist. Ct. of Appeals does have it available should this Hon. Ct. order its presence be made and sent to this Ct. for review of this Petition (PDR).

#5. As shown and argued in Petitioner pro se's Atty's Brief on Direct Appeal, p's 7-9, the statutes are clear, and the facts in this case as shown throughout this conviction, Appeal, and now PDR, Tx. C.C.P. Art 38.14 and .17 demand "COORBORATING EVIDENCE"....and...there is none.

The State is claiming (through case citings) that the clear meaning and intent of the legislature when these statutes were passed, DO NOT MEAN WHAT THEY SAY "?

The State is (and has succeeded) in completely reversing the legis--latures intent andmeaning (as the common citizen would understand it)?

The State say's; "XXXXXXXXXXXXXXXXXXXXXXXXX, 'the state must establish that the accused's connection with the substance was more than just fortuitous'. Jones v. State, 963 S.W. 2d 826, 830 (TX.APP.TEXAR KANA 1998,pet. ref'd) AND, IN EVENS, 202 S.W. 3d at 161 , the ct. of crim.apps. said; 'possession required the state to provexxx the Appellant exercised care,custody,control or management over the contraband..' and, Applied a 14-factor affirmative link test to determine possession when the defendant was not in exclusive control'....Evans , 202 S.W. 3d at 166; Jones, 963 S.W. 2d at 830.......

SEE: PG. 14 & 15 STATES REPLY (FACTOR TEST)1-14).....

#6. In the above mentioned FACTORS, the def. was not present when the search was conducted, no idea if the contraband was in plain sight or not, not readily accessable, alleged to be in oposite floor board, def. was not proven to be under the influencve of methamphetamines, did not possess anything, MADE NO INCRIMINATING STATEMENTS WHEN ARRESTED and did not attempt to flee, made no furtive gestures, no oder of Hrugs, only paraphernalia was alleged to be with the drugs (AND IN MRS POWELLS BAG-PURSE-WHATEVER), Def did have permission to be driving the vehicle, but it was not in his name, def. not found with any drugs/contraband, and, lastly, the amount of money ($1,668.oo cash) is NOT an excessive amount of cash for any business man to carry...or....anyone who feels secure with it in their possession in this day and age.....

Therefore, there is no justification in applying said 14-Factor Test. Nor, in alleging its existence alone applies to the Appellant/Petitioner

BASED STRICTLY ON HEARSAY EVIDENCE.....OR.....PRESUMPTIONS........(?)

#7.    TX.C.C.P. ART. 38.14 and 17   were not created by Texas Legislature   for the purpose of being or allowing judicial courts to circumvent their clearly intended meaning;    "A CONVICTION MAY NOT BE HAD UPON THE TESTIMONY OF AN ACCOMPLICE UNLESS COORBORATED BY OTHER EVIDENCE TENDING TO CONNECT THE DEFENDANT WITH THE OFFENSE COMMITTED" TX.C.C.P.ART.38.14; "AN ACCOMPLICE WITNESS IS A DISCREDITED WITNESS [B]ECAUSE HIS/HER TESTI--MONY ALONE  CANNOT FURNISH THE BASIS FOR THE CONVICTION". "NO MATTER HOW COMPLETE A CASE MAY BE MADE OUT BY AN ACCOMPLICE OR WITNESS, A CON--VICTION  [IS NOT PERMITTED] UNLESS HE OR THEY ARE COORBORATED".  SEE: WALKER V STATE, 615 S.W. 2d 728, 731 (TX.CRIM.APP.1981)(citations omitted). * Mrs Powells testimony was the only evidence as to how the pill bottles came to be in the bag, and, the only evidence as to how the bag came to be in the car.   There was NO EVIDENCE as to how the methamphetamines came to be in the pill bottle.  AND, Mrs Powell"ADMITTED" to puting the bag in the vehicle herself.(her own possessions, purse, tape-gun for theft use and make-up were with the contraband as well).....Applicants control of that vehicle (NOT REGISTERED TO HIM) is no evidence that he knowingly possessed its contents". DUE PROCESS REQUIRES DISMISSAL & ACQUITTAL:
#8.    The remedy for an appellate finding of insufficient evidence to     coorborate accomplice testimony IS ACQUITTAL since TEX.C.C.P. Art.38.17 (Vernon 1979) states;   "IN ALL CASES WHERE, BY LAW, TWO WITNESSES, OR ONE WITH COORBORATING EVIDENCE(CIRCUMSTANCES), ARE REQUIRED TO AUTHORIZE A CONVICTION, IF THE REQUIREMENT BE NOT FULFILLED, THE COURT "SHALL"(MANDATORY LANGUAGE) INSTRUCT  THE  JURY  TO  RENDER  A  VERDICT  OF  ACQITTAL,  AND THEY  ARE  BOUND  BY  IHE" INSTRUCTION."  Sestric v. State, 1 S.W. 3d 901 924 (TEX.APP._Beaumont 1999).......   (U.S.C.A.-14 Due Process)


## SUMMARY OF THE ARGUEMENT

[B]ecause there was no evidence to coorborate the testimony of an accomplice witness, Applicant/Petitioner pro se's conviction should be overturned and a judgement of acquittal entered.  U.S.C.A.-14 Due Process;

The Fifth Court of Appeals and the Trial Court (196th Jud.Dist.) denied the defendant and Appellate the right to due process of law by using case citings that did not have merit to the Petitioners case & facts of his case. SEE: pg. 3 herein, 14-FACTOR TEST HELD NO WATER and should have been disregarded for its misuse and invalidity of substance to support its use.   NO COORORATING EVIDENCE ; Tx.C.C.P.Art.38.14-17 (SHALL ACQUIT)

4.

## PRAYER FOR RELIEF

Wherefore, Petitioner pro se prays this Honorable court will exercise its discretion and review this Petition for Discretionary Review and give some TRUTH to the "INTERPRETATION" of TX.C.C.P. ART. 38.14&17 finding that there was insufficient evidence to coorborate the accomplice witness testimony against Appellant/Petitioner pro se herein, that there was not even 1/4 of the 14-FACTOR TEST FACTORS that would even remotely apply for use in affirming this Appeal, and, that the Fifth Appellate Court of Dallas overeached in its allowance of the rule, and be remanded back to the Fifth Dist. Ct. of Appeals for proper diposition of the case.

SO PRAYED THIS 15th DAY OF September 2015.

Respectfully submitted,

PETITIONER PRO SE
JAMES EDWARD ROGERS
TDCJ# 1937467
C.T. TERRELL/R3 unit
1300 F.M. 655
Rosharon, Tx. 77583

## CERTIFICATE OF SERVICE

I, James Edward Rogers, Petitioner pro se herein, do state under penalty of perjury that a true copy of PETITION FOR DISCRETIONARY REVIEW has been sent to the Texas Ct.of Crim. Appeals (Original & One Copy), as well as a copy being sent to the Tx. Fifth Dist. Ct. of Appeals (Dallas Tx) at the following addresses respectively; Abel Acosta, Clerk, Tx. Ct. of Crim. Apps., P.O. BOX 12308, Austin, Tx. 78711 and; Tx. Fifth Dist. Ct of Appeals, Clerk, DALLAS,TX.

ON THIS 15th DAY OF September 2015.

/s/, 
PETITIONER PRO SE
James Edward Rogers
TDCJ# 1937467

5.

FRIDAY, AUGUST28, 2015
**FRIDAY**

ADEL ACOSTA, CLERK
COUER of CRIMINAL APPEALS
PO BOX 12308
AUSTIN, TX 78711

          RE: Trial Court Cause NO. 28576, Hunt County, TX
              Fifth Court of Appeals NO. 05-14-00695-CR

          Filing of Motion for Extension of time to file PDR

Dear Honorable Clerk,

     Please find my Pro-Se Defendant's Motion for Extension of Time
to File Petition for Discretionary Review, including requesting copies
of Court Records. Please File this Motion and bring it to the atten-
tion of the Court.

     On July 20, 2015 the Appeals Court (Fifth District at Dallas)
Affirmed my Judgement from the Trial Court. I did not receive the
notice in the Prison mailroom until August 8 2015 which told me I had
until August 19, 2015 to prepare and File my PDR which was impossi-
ble as I am disabled legally blind, and have no way to do this on
my own, hence the need for additional time to file.

     I also need copies of Court Records so that some other inmates
who may help me can read them and help me prepare a pro se PDR.
Can you send me a list of court records available or send me the Court
File, per Federal Gov't Rules as a Blind Person I should be able to
get these free of charge.

     I have also included a carbon copy of this letter for you to file
date and time stampoabd return to me in the S.A.S.E. i am providing.


     Thank you for your Assistance in this matter.

                                    Sincerley
                                    James Rogers, Jr. #1937467
                                    Terrell Unit
                                    1300 FM 655
                                    Rosharon, TX 77583

NO. _____

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

JAMES EDWARD ROGERS JR.

Vs.

THE STATE OF TEXAS

FROM APPEAL NO. 05-14-00695-CR

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court Cause No. 28576

## FIRST MOTION FOR EXTENSION OF TIME TO FILE
## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, James Edward Rogers Jr., Petitioner, and files this Motion for an Extension of Time of Ninety Days (90) days in which to file a Petition for Discretionary Review. In support of this Motion, the Appellant shows the Court the following:

I.

The Petitioner was convicted in the 196th District Court of Hunt County, Texas of the Offence possession of a controlled substance, methapphetamine, in Cause No. 28576, Styled State of Texas vs. James Edward Rogers Jr.. The Petitioner appealed to the Court of Appeals Fifth District of texas at Dallas. The Case was Affirmed on July 20, 2015 but Petitioner did not receive his notice of the Courtés Decision until the afternoon of Friday August 7, 2015 in the Prison legal mail mailroom. The present deadline for filing the Petition for Discretionary Review was August 19th, 2015 but Petitioner is disabled, legally blind, and because of the delay in getting notice and having to get another inamte read and help him with this Motion he begs the Court to allow this FIRST MOTION.

II.

As stated above, Petitioner's deadline for Filing his PDR was August 19th, 2015, but he did not receive notice until Aágust 7th, 2015. Since he is begally blind and indigent he has had to get

1

help from other inmates to assist with this first Motion. Petitioner has NOT requested any Extension prior to this request.

### III.

Petitioner's request for an extension of time is based upon the following FACTS: Petitioner was not informed of the decision of the Court of Appeals in Affirming his case until the **Afternoon of Friday** august 7th, 2015. His attorney on the Appeal, John S. Butler, has informed Petitioner that he will not represent him on the Petition for Discretionary Review.

### IV.

Petitioner is requesting a Copy of the Appellate Record in order that he may get help in perfecting his PDR. Without these documents Petitioner will be unable to adequately file a PDR.

### V.

This Motion is NOT to hamper or delay, but is necessary because Petitioner is legally blind, is disabled, and is indigent and proceeding Pro Se. He needs this time for legal research. Petitioner is incarcerated and is limited to 2 hours a day, five days per week, in the Prison Law Library, but as stated he is blind and has no access to Braile Law Books. He is totally dependent on help from other inamtes.

WHEREFORE, Petitioner prays this Court grant this Motion and Extend his time for the Deadline of Filing the Petition for Discretionary Review in Case NO. 06-14-00695-CR to November 19th, 2015.

Respectfully Submitted

James Edward Rogers Jr.
TDCJ # 1937467
CT Terrell Unit
1300 FM 655
Rosharon, TX 77583

2

## Certificate of Service

I certify that a true and correct copy (carbon copy) of the above and foregoing First Motion ofr Extension of Time to File a Petition for Discretionary Review has been forwarded by U.S. Mail; postage prepaid, First Class to the State prosecuting Attorney, P.O. Box 12405, Austin TX 78711 in this the 28th Day of August, 2015.

James Edward Rogers, Jr.
Petitioner, Pro Se


## Unsworn Affidavit

I, James Edward Rogers Jr., TDCJ #1937467, being presently incarcerated in the CT Terrell Unit of the Texas Department of Criminal Justice in Brazoria County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed this date, August 28th, 2015

James Edward Rogers Jr.
TDCj # 1937467
CT Terrell Unit
1300 FM 655
Rosharon, TX 77583

# John S. Butler

## ATTORNEY AT LAW
### BOARD CERTIFIED · CRIMINAL LAW
### TEXAS BOARD OF LEGAL SPECIALIZATION

700 LAVACA STREET, SUITE 1400
AUSTIN, TEXAS 78701

PHONE: (512) 472-3887
FAX: (512) 233-1787

July 30, 2015

James Edward Rogers Jr.
SID # 01678024
Terrell Unit
1300 FM 655
Rosharon, TX 77583

    re:    Hunt County District Court Cause No. 28576
            Fifth Court of Appeals No. 05-14-00695-CR

Dear Mr. Rogers;

Enclosed is a copy of the opinion of the Court of Appeals. As you will see, the Court affirmed the conviction. You can file a Petition for Discretionary Review with the Court of Criminal Appeals, but, as the name implies, it is Discretionary – the Court of Criminal Appeals does not have to accept or review the case. You have thirty days from the date of the opinion to file such a petition, that is, the petition must be mailed (postmarked) no later than August 19, 2015.

Yours truly,

John S. Butler

Prisoner
Received
This 8/8/15

enclosure

# John S. Butler

## ATTORNEY AT LAW
### BOARD CERTIFIED · CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

700 LAVACA STREET, SUITE 1400
AUSTIN, TEXAS 78701

PHONE: (512) 472-3887
FAX: (512) 233-1787

July 30, 2015

James Edward Rogers Jr.
SID # 01678024
Terrell Unit
1300 FM 655
Rosharon, TX 77583

    re:    Hunt County District Court Cause No. 28576
           Fifth Court of Appeals No. 05-14-00695-CR

Dear Mr. Rogers;

    Enclosed is a copy of the opinion of the Court of Appeals. As you will see, the Court affirmed the conviction. You can file a Petition for Discretionary Review with the Court of Criminal Appeals, but, as the name implies, it is Discretionary – the Court of Criminal Appeals does not have to accept or review the case. You have thirty days from the date of the opinion to file such a petition, that is, the petition must be mailed (postmarked) no later than August 19, 2015.

Yours truly,

John S. Butler

Prisoner
Received
This 8/8/15

enclosure

# John S. Butler

## ATTORNEY AT LAW

BOARD CERTIFIED • CRIMINAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

700 LAVACA STREET, SUITE 1400
AUSTIN, TEXAS 78701

PHONE: (512) 472-3887
FAX: (512) 233-1787

April 3, 2015

James Edward Rogers Jr.
SID # 01678024
Terrell Unit
1300 FM 655
Rosharon, TX 77583

   re:  Hunt County District Court Cause No. 28576
      Fifth Court of Appeals No. 05-14-00695-CR

Dear Mr. Rogers;

  Enclosed is a copy of the prosecutor's Reply Brief. I am also including a copy of my brief, since it seems you didn't receive the first copy you sent. I will contact you as soon as I hear from the Court of Appeals. This will take at least a month or two, possibly much longer.

          Yours truly,

          John S. Butler

enclosures

*15*

ACCEPTED
05-14-00695-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/20/2015 4:44:15 PM
LISA MATZ
CLERK

Lisa Matz, Clerk
5th Court of Appeals
FILED: 3/6/2015

NO. 05-14-00695-CR

\* \* \*

In The 5th District
Court of Appeals of Texas

\* \* \*

James Edward Rogers

v.

The State of Texas

\* \* \*

Appealed from the
196th District Court
Trial Court Cause No. 28576

---

## APPELLANT'S BRIEF

---

John S. Butler
State Bar No. 03526150
700 Lavaca Street, Suite 1400
Austin, Texas 78701
Telephone (512) 472-3887
Facsimile  (512) 233-1787
Email      butler@lawyer.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT IS NOT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Appellant:       James Edward Rogers, Jr.

Trial Counsel:      Cariann Bradford Abramson
           State Bar No. 24045366
           P O Box 1683
           Forney, Texas 75126
           972-552-2240

Appellee:       The State of Texas

Appellant and Trial Counsel:  George Calvin Grogan
           State Bar No. 24050695
           Assistant Criminal District Attorney
           Office of the Hunt County District Attorney
           Hunt County Courthouse, Fourth Floor
           2507 Lee Street
           Greenville, Texas 75401
           903-408-4187

Trial Judge:       The Honorable Steve Tittle
           196th Judicial District Court

# TABLE OF CONTENTS

Identity of Parties and Counsel ...2

Table of Contents ...3

Index of Authorities ...4

Statement Regarding Oral Argument ...4

Statement of the Case ...4

Issues Presented ...5

Statement of the Facts ...5

Summary of the Argument ...7

Argument ...8

Prayer for Relief ...10

Certificate of Compliance ...11

Certificate of Service ...11

# INDEX OF AUTHORITIES

Texas Code of Criminal Procedure art. 38.14 ...8

Walker v. State 615 S.W.2d 728 (Tex.Crim.App. 1981) ...8

Sestric v. State, 1 S.W.3 901 (Tex.App.-Beaumont 1999) ...9

# STATEMENT REGARDING ORAL ARGUMENT

Appellant is not requesting that the Court hear oral argument.

## STATEMENT OF THE CASE

Appellant pled not guilty on Cause No.27,586 to Possession of a Controlled Substance, Methamphetamine, in an amount of four grams or more but less than two hundred grams, including any adulterants or dilutants, a second-degree felony, enhanced with two prior felony convictions to Habitual Offender status. At trial, Appellant was found guilty by the jury. At punishment, the jury assessed punishment at life in prison.

At trial, Investigator Wesley Russell of the Greenville Police Department testified that he stopped Appellant for failure to come to a complete stop at a stop sign.

Appellant provided Investigator Russell an invalid driver's license. Appellant was placed under arrest. An inventory search of the vehicle Appellant was driving revealed bag, located in the front passenger foot well, containing a floral makeup bag, a camera bag, prescription pill bottles, baggies containing methamphetamine, and several syringes. The pill bottles contained marijuana, pills and methamphetamine.

There were two passengers in the vehicle. Rachel Powell, the front passenger, testified that she had put the aforementioned items in the vehicle, but

-5-

claimed that this was at Appellant's request and that she was unaware of the content of the bags.

Timothy Roberts, the back seat passenger was found to be having a seizure, and was transported to the hospital.

## ISSUES PRESENTED

There was no evidence to corroborate the testimony of the accomplice witness.

## STATEMENT OF FACTS

Appellant was convicted of possession of methamphetamine. There was no evidence that Appellant knowingly possessed the methamphetamine, no evidence that he put it in the containers in which they were found. There was no evidence that he placed the methamphetamine in his vehicle. Indeed, the accomplice witness testified that she brought the bag containing the methamphetamine to the car and placed it at her feet. (RR vol.3 p.202). There is nothing to corroborate her statement that she did this at Appellant's request. (RR vol.3 p.201). The accomplice, Rachel

Louise Powell, was – is – an admitted thief and forger (RR vol.3 p.194), who admitted that she was planning to commit theft again, and who was found in possession of a criminal instrument at the scene of the arrest (RR vol.3 p.197).

The only evidence that might connect Appellant to the crime, aside from his presence in the vehicle, was "a brown-colored prescription bottle in the name of James Rogers." (RR vol.3, p.102). Even this, his name on the bottle, appears questionable, insofar as the jury, during its deliberations, asked to see the prescription bottles" (RR vol.4, p.45), and then asks for a magnifying glass. (RR vol.4, p.46). Granting that it the jury's role to decide if the bottle had Appellant's name on it, it does not connect him to the commission of the crime, any more than his presence behind the wheel of the car into which the accomplice witness, Rachel Louise Powell, admitted putting the bag containing the methamphetamine. (RR vol.3 p.202).

## SUMMARY OF THE ARGUMENT

Because there was no evidence to corroborate the testimony of an accomplice witness, Appellant's conviction should be overturned and a judgment of acquittal entered.

# ARGUMENT

'A conviction may not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed." Tex.C.Crim.Proc. Art. 38.14. "An accomplice witness is a discredited witness because her or his testimony alone cannot furnish the basis for the conviction. No matter how complete a case may be made out by an accomplice witness or witnesses, a conviction is not permitted unless he or they are corroborated." *Walker v. State*, 615 S.W.2d 728, 731 (Tex.Crim.App.1981) (citations omitted).

Ms. Powell's testimony was the only evidence as to how the pill bottles came to be in the bag, and the only evidence as to how the bag came to be in the car. There was no evidence as to how methamphetamine came to be in the pill bottle. Ms. Powell admitted putting the bag containing methamphetamine in the vehicle. Appellant's control of that vehicle is no evidence that he knowingly possessed its contents. By the same reasoning, his name on a bottle in her possession is no evidence that he knowingly possessed that bottle or its contents.

> [T]he remedy for an appellate finding of insufficient evidence to corroborate accomplice testimony is acquittal since TEX. CODE

CRIM. PROC. ANN. art. 38.17(Vernon 1979) states: "In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction."

*Sestric v. State,* 1 S.W.3d 901, 924 (Tex.App.- Beaumont 1999)

## PRAYER FOR RELIEF

WHEREFORE, Appellant prays this Court find that there was insufficient evidence to corroborate the accomplice witness testimony against Appellant, reverse the judgment and sentence of the trial court, and remand the case to the trial court with instruction to enter a verdict of acquittal. Appellant further requests any and all such other relief to which he may be entitled.

Respectfully submitted,

John S. Butler

ATTORNEY FOR APPELLANT
700 Lavaca Street, Suite 1400
Austin, Texas 78701
Telephone (512) 472-3887
Facsimile (512) 233-1787
STATE BAR #03526150

## CERTIFICATE OF COMPLIANCE

As Attorney of Record for Appellant, I do hereby certify that this document contains 1,187 words, as determined by Microsoft Word 2010, the computer program used to prepare the document.

Date: February 20, 2015

JOHN S. BUTLER
Attorney for Appellant

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby certify that a true and correct copy of this Appellant's Brief was this date provided to the District Attorney of Hunt County, Texas, via U.S. Mail to:

Hunt County District Attorney
2507 Lee Street, 4th Floor
Greenville, Texas 75401

Date: February 20, 2015

JOHN S. BUTLER
Attorney for Appellant

-11-

**IN THE COURT APPEALS**
**FIFTH DISTRICT OF TEXAS**
**AT DALLAS**

| | | |
|---|---|---|
| **JAMES EDWARD ROGERS** | § | |
| APPELLANT | § | |
| | § | |
| v. | § | **CASE NO. 05-14-00695CR** |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

---

### STATE'S REPLY BRIEF

---

On Appeal from the 196th Judicial District Court of Hunt County, Texas
Trial Court Cause No. 28,576, the Honorable Stephen R. Tittle, Judge
Presiding

**NOBLE WALKER, JR.**
District Attorney
Hunt County, Texas

**G CALVIN GROGAN V**
Assistant District Attorney
2507 Lee St.
Hunt County Courthouse, 4th Floor
Greenville, TX  75401
(903) 408-4180
FAX (903) 408-4296
cgrogan@huntcounty.net
State Bar No. 24050695

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................2

INDEX OF AUTHORITIES ..........................................................................3

STATEMENT OF THE CASE .......................................................................5

ISSUES PRESENTED ...................................................................................5

SUMMARY OF THE STATE'S ARGUMENTS .........................................5

STATEMENT OF FACTS .............................................................................6

STATE'S RESPONSE TO POINT OF ERROR ONE ...................................9

    STANDARD OF REVIEW .....................................................................9

    EVIDENCE WAS LEGALLY SUFFICIENT TO PROVE
    APPELLANT  KNEW 23 GRAMS OF METHAMPHETAMINE
    WAS IN HIS PRESCRIPTION PILL BOTTLE .......................................12

    STATE EXHIBIT NO 2-C.......................................................................15

PRAYER........................................................................................................16

CERTIFICATE OF COMPLIANCE.............................................................17

CERTIFICATE OF SERVICE......................................................................17

# INDEX OF AUTHORITIES

Federal Cases
*Jackson v. Virginia*, 433 U.S. 307, 319, 99 S.Ct. 2781 (1979) ............................. 9

Texas Cases
*Cantelon v. State,* 85 S.W.3d 457, 461 (Tex. App. - Austin 2002, no pet).......... 11
*Dennis v. State*, 151 S.W.3d 745, 748 (Tex. App. – Amarillo 2004, pet.
  ref'd)............................................................................................................ 11
*Duff v. State*, 546 S.W.2d 283, 288 (Tex. Crim. App. 1977) .............................. 14
*State v. Evans*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) .................. 10,13,15
*Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991) ........................... 10
*Jenkins v. State*, 76 S.W.3d 709, 712 (Tex. App. – Corpus Christi 2002).......... 13
*Jones v. State*, 963 S.W.2d 826, 830 (Tex. App. – Texarkana 1998, pet.
  ref'd)............................................................................................................ 13
*Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008)..................... 11,12
*Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009)....................... 12
*Simmons v. State*, 205 S.W.3d 65, 72 (Tex. App. – Fort Worth 2006)............... 11
*State v. Stubblefield*, 79 S.W.3d 171, 174 (Tex. App. – Texarkana 2002) ......... 14
*State v. Swearingen*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) .................. 13,15
*Taylor v. State*, 106 S.W.3d 827, 831-2 (Tex. App. – Dallas 2003, no pet) ........ 13
*Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006) ......................... 10

Texas Statutes
TEX. PEN. CODE ANN. SEC. 6.01(b) (West 2012)................................................ 10
TEX. CODE CRIM. PROC. ANN. ART. 38.14 (Vernon 2014)................................. 11
TEX. HEALTH & SAFETY CODE ANN. SEC. 481.112(b) (West 2012)................... 10
TEX. HEALTH & SAFETY CODE ANN. SEC. 481.002(a)(38) (West 2012) ............. 10

# IN THE COURT APPEALS
## FIFTH DISTRICT OF TEXAS
## AT DALLAS

| | | |
|---|---|---|
| **JAMES EDWARD ROGERS** | § | |
| APPELLANT | § | |
| | § | |
| v. | § | **CASE NO. 05-14-00695CR** |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

---

## STATE'S REPLY BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellant, in this appeal from Cause No. 28,576 in the 196th Judicial District Court in and for Hunt County, Texas, Honorable Stephen R. Tittle, Presiding, now before the Fifth District Court of Appeals, and respectfully submits this its brief to the Fifth District Court of Appeals.

## STATEMENT OF CASE

In Cause Number 28,576, Appellant was indicted on October 26, 2012, for Possession of a Controlled Substance, namely Methamphetamine, in an Amount Greater than Four Grams But Less Than Two Hundred Grams. CR Vol.1.p.22. Appellant entered a plea of not guilty on December 5, 2012, and the case was tried by a jury on May 12, 2014. CR Vol.1.pp.6-8. On May 14, 2014, the jury found Appellant guilty as charged and sentenced him to life in the Texas Department of Corrections. CR Vol.1.p.126. The Appellant filed written Notice of Appeal on May 28, 2014. CR Vol.1.p.141.

## ISSUES PRESENTED

**Issue 1. Without Alleged Co-Actor's Testimony, Was the evidence legally sufficient to support a conviction for Possession of a Controlled Substance, Namely Methamphetamine, Penalty Group 1, In An Amount Greater Than Four Grams But Less Than Two Hundred Grams?**

## SUMMARY OF THE ARGUMENT

1. Even assuming Rachel Powell was a co-actor and her testimony was considered credible by the jury, without her testimony a rational trier of fact could have found the elements for Possession with Intent to Deliver a Controlled Substance, namely Methamphetamine, Penalty Group One, In

an Amount Greater than Four Grams But Less Than Two Hundred Grams, proven beyond a reasonable doubt. Besides other common affirmative links, twenty three grams of methamphetamine was found inside a prescription pill bottle with the Appellant's name on it.

## Statement of Facts

On March 20, 2012, Appellant's vehicle was stopped by an unmarked Greenville Police Department ("GPD") vehicle for running a stop sign. RR Vol.3.p.37. There were three people and a dog inside Appellant's vehicle. RR Vol.3.p.40. Upon contact, GPD Narcotics Detective Wesley Russell encountered Appellant behind the wheel, Rachel Louise Powell in the passenger seat, Timothy Roberts and a pit bull were in the rear seat. RR Vol.3.p.41. The other vehicle occupants were able to provide identification. RR Vol.3.p.43. Detective Russell requested backup because Mr. Roberts had an outstanding warrant. RR Vol.3.p.44. When Appellant failed to produce his Texas driver's license, Det. Russell placed him under arrest and inside GPD Officer Brandon West's vehicle. RR Vol.3.p.44. GPD Officer Leigh Dixon transported Mr. Roberts from the scene once he began having seizures. RR Vol.3.p.44.

Detective Russell began conducting an inventory search of Appellant's vehicle. RR Vol.3.p.44. During the inventory, Det. Russell

seized as contraband several items from the vehicle. RR Vol.3.p.58. A prescription bill bottle containing marihuana was seized from the vehicle. RR Vol.3.p.59; State Exhibit No. 3-A. A digital scale was seized from the vehicle. RR Vol.3.p.64; State Exhibit No. 3-B. A butane torch was seized from the vehicle. RR Vol.3.p.65; State Exhibit No. 3-C. A Walmart sack containing a large glass pipe with residue inside a glove was seized from the vehicle. RR Vol.3.p.72; State Exhibit No. 3-D. A black bag containing a package of rolling papers was seized from the vehicle. RR Vol.3p.77; State Exhibit No. 3-E. A plastic bag full of syringes was seized from the vehicle. RR Vol.3.p.78; State Exhibit No. 3-F. A floral makeup bag was seized from the vehicle. RR Vol.3.p.121; State Exhibit No. 3-G. The butane torch and large glass pipe were found inside a black Case Logic case. RR Vol.3.p.122; State Exhibit No. 3-I. A plastic bag full of smaller baggies was seized from the vehicle. RR Vol.3.p.82; State Exhibit No. 3-H. Most of the drug paraphernalia items were found inside a laundry mesh bag. RR Vol.3.p.103; State Exhibit No. 3-J. Detective Russell testified that all of these seized items are commonly used in methamphetamine and marijuana usage, methamphetamine distribution and production. RR Vol.3.pp.66, 75, 83.

Three other baggies containing a suspected controlled substance were also found inside the floral makeup bag, which was seized from the vehicle's

front passenger side floorboard. RR Vol.3.pp.86, 93-4,99; State Exhibit Nos. 2-B-D. The three baggies were found inside a small bag within a larger bag. RR Vol.3.p.95; State Exhibit Nos. 3-J-K. These baggies were submitted to the Department of Public Safety ("DPS") Crime Lab for testing on September 5, 2012. RR Vol.3.p.92. The baggies were picked up and returned to GPD on October 30, 2012. RR Vol.3.p.170. After being tested at the DPS Crime Lab, it was determined State Exhibit No. 2-B was 1.66 grams of methamphetamine, State Exhibit No. 2-C was 23 grams of methamphetamine, and State Exhibit No. 2-D was .44 grams of methamphetamine. RR Vol.3.p.184. State Exhibit No.2-C was a prescription pill bottle with the Appellant's name on it.

After concluding his inventory search, Detective Russell arrested Appellant for being in Possession of Marijuana in an amount less than 2 ounces, Possession of Controlled Substance Penalty Group 3 Less Than 28 Grams, and Possession of a Controlled Substance Penalty Group 1 More Than 4 Grams But Less Than 200 Grams. RR Vol.3.p.109. The rear seat passenger, Mr. Roberts, was not charged with any of the drug-related offenses because Det. Russell never noticed any furtive movements prior to the traffic stop and lack of proximity to the contraband. RR Vol.3.p.110-11. Ms. Powell, the front seat passenger and closest in proximity to the drugs,

was also not charged with any of the drug-related offenses. RR Vol.3.p.112.

Detective Russell testified Ms. Powell cooperated at the scene and indicated

the drugs belonged to the Appellant. RR Vol.3.pp.112, 150. Most

importantly, Det. Russell testified that Appellant's name appeared on

contraband items within the large bag. RR Vol.3.p.112.

## ARGUMENT

**1. Without Alleged Co-Actor's Testimony, Was the Evidence Legally Sufficient to Prove Appellant Possessed a Controlled Substance in Penalty Group One, Namely Methamphetamine, In An Amount Greater Than Four Grams But Less Than Two Hundred Grams?**

### a. Standard of Review

The standard of review for legal sufficiency is whether, after viewing

the evidence in the light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781

(1979). "When deciding whether evidence is [legally] sufficient to support a

conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Evans*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Finally, the court must consider all of the evidence submitted before the jury, including inadmissible evidence. *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

The standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). The State is no longer required to disprove reasonable alternative hypothesis for the placement of contraband. *Id.* at 165. A person commits an offense if the person knowingly possesses a controlled substance. TEX. HEALTH & SAFETY CODE ANN. SEC. 481.112(b) (West 2012). Possession means actual care, custody, control or management. TEX. HEALTH & SAFETY CODE ANN. SEC. 481.002(a)(38) (West 2012). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. TEX. PEN. CODE ANN. SEC. 6.01(b) (West 2012).

Under Code of Crim. Proc. Art. 38.14, a conviction cannot be had upon testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense. TEX. CODE CRIM. PROC. ANN. ART. 38.14 (Vernon 2014). "It is well established that a challenge of insufficient corroboration of an accomplice witness's testimony is not the same as a challenge of legally insufficient evidence to support the verdict." *Simmons v. State*, 205 S.W.3d 65, 72 (Tex. App. – Fort Worth 2006); *Dennis v. State*, 151 S.W.3d 745, 748 (Tex. App. – Amarillo 2004, pet. ref'd). To determine the sufficiency of accomplice-witness corroboration, the testimony of the accomplice is eliminated and the appellate court will look for other inculpatory evidence that tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. *Cantelon v. State,* 85 S.W.3d 457, 461 (Tex. App. - Austin 2002, no pet). "The tends-to-connect standard does not present a high threshold." *See id.* "There is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes under the accomplice-witness rule." *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008).

"Even apparently insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration." *Id.* "Cumulative evidence of suspicious circumstances can be sufficient evidence that tends to connect he accused to the alleged offense even if none of the circumstances would be sufficient individually." *Id.* "When there are two permissible views of the evidence (one tending to connect the defendant to the offense and the other not tending to connect the defendant to the offense), appellate courts should defer to that view of the evidence chosen by the fact-finder." *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). The Court of Criminal Appeals held that when reviewing non-accomplice testimony, it is important to look at the totality of the evidence, rather than as isolated, unrelated incidents. *Id.* at 511.

### b. Circumstantial Evidence Was Legally Sufficient to Prove Appellant Knowingly Possessed 25 Grams of Methamphetamine

The State was required to prove on or about March 20th, 2012, in Hunt County, Texas, Appellant knowingly or intentionally possessed Methamphetamine in an amount more than four grams. Since the

methamphetamine was not found on the Appellant, the State used circumstantial evidence to connect the Appellant to the methamphetamines.

Possession required the State to prove the Appellant exercised care, custody, control, or management over the contraband, and the State was required to prove the Appellant knew it was contraband. *Evans*, 202 S.W.3d at 161. The State must establish that the accused's connection with the substance was more than just fortuitous. *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App. – Texarkana 1998, pet. ref'd). Since Appellant was found in a vehicle belonging to another, the State must prove through circumstantial evidence the Appellant knowingly possessed methamphetamine. *Jones*, 963 S.W.2d at 830. This Court as well as others has acknowledged the theory of joint possession. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App. – Dallas 2003, no pet.) (control over the contraband need not be exclusive, but can be jointly exercised by more than one person). When narcotics are secreted, the State must address whether the defendant knew of existence of secret place and its contents. *Jenkins v. State*, 76 S.W.3d 709, 712 (Tex. App. – Corpus Christi 2002).

In *Evans*, the Court of Criminal Appeals applied a 14-factor affirmative link test to determine possession when the defendant was not in exclusive control. *Evans*, 202 S.W.3d at 166; *Jones*, 963 S.W.2d at 830

(holding that the affirmative link between defendant and the contraband need not be so strong as to exclude every other reasonable hypothesis except the Defendant's guilt). The 14 factor test: 1) the defendant's presence when a search is conducted, 2) whether the contraband was in plain view, 3) the defendant's proximity to and the accessibility of the narcotic, 4) whether the defendant was under the influence of narcotics when arrested, 5) whether the defendant possessed other contraband or narcotics when arrested, 6) whether the defendant made incriminating statements when arrested, 7) whether the defendant attempted to flee, 8) whether the defendant made furtive gestures, 9) whether there was an odor of contraband, 10) whether other contraband or drug paraphernalia were present, 11) whether the defendant owned or had the right to possess the place where the drugs were found, 12) whether the place where the drugs were found was enclosed, 13) whether the defendant was found with a large amount of drugs, and 14) whether the defendant possessed weapons or a large amount of cash. *State v. Stubblefield*, 79 S.W.3d 171, 174 (Tex. App. – Texarkana 2002). When car occupants give conflicting statements about relevant matters it can be a factor helping to establish an affirmative link. *Duff v. State*, 546 S.W.2d 283, 288 (Tex. Crim. App. 1977). Using these fourteen factors, the Court of Criminal Appeals declined to analyze each link in isolation in order to rely on alternative

14

inferences for almost every piece of evidence. *Evans*, 202 S.W.3d at 164; *see Swearingen*, 101 S.W.3d at 97 (while each piece of evidence lacked strength in isolation, the consistency of the evidence and the reasonable inferences drawn therefrom, provide the girders to strengthen the evidence and support a rational jury's finding the elements beyond a reasonable doubt).

### 1. State Exhibit No. 2-C

Disregarding the testimony of Ms. Powell, there were several affirmative links between the Appellant and the drugs. As the driver, Appellant exercised more control over the vehicle than the passengers. This was not some accident where Appellant got into another person's vehicle that contained drugs – Det. Russell testified he had seen Appellant drive that vehicle multiple times. RR Vol.3.p.139. Appellant was operating a vehicle without proper identification, a way to possibly conceal his identity should he get stopped with drugs in the vehicle. The Appellant was in close proximity to the bags of methamphetamine. Appellant was present when the contraband was found. RR Vol.3.p.56, 59. Besides the methamphetamines, there were lots of other drug paraphernalia present in the vehicle. A butane torch, syringes, a digital scale, plastic baggies, a glass pipe with residue, and prescription tablets were all found in a bag where the methamphetamine was

found. A prescription pill bottle similar to State Exhibit No. 2C contained marihuana. However, the strongest affirmative link between the Appellant and the methamphetamines was State Exhibit No. 2-C.

State Exhibit 2-C was the only exhibit the jury asked to review while in deliberations, along with a magnifying glass. CR Vol.1.pp.116-18. Detective Russell could have charged Ms. Powell with possession of a controlled substance, but he did not. Detective Russell could have requested DNA testing or Fingerprint testing on the seized evidence, but he did not. Detective Russell could have attempted a custodial interview of the Appellant to get incriminating statements, but he did not. Detective Russell did not do any of the investigative steps just mentioned because he saw Appellant's name written on the prescription pill bottle that contained 23 grams of methamphetamines.

## PRAYER

**Appellant's trial was without prejudicial error. The State prays that Appellant's conviction and sentence be affirmed.**

**Respectfully submitted,**

NOBLE DAN WALKER, JR.
**District Attorney**
**Hunt County, Texas**

G CALVIN GROGAN V
**Assistant District Attorney**
**P. O. Box 441**
**4th Floor, Hunt County**
**Courthouse**
**Greenville, TX 75403**
**State Bar No. 24050695**
**(903) 408-4180**
**FAX (903) 408-4296**

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(3)

Relying on Microsoft Word's word count feature used to create the State's Reply Brief, I certify that the number of words contained in this brief is 3,039 and the typeface used is 14Font.

**G CALVIN GROGAN V**
Assistant District Attorney

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been mailed via first-class mail to John S. Butler, Appellant's attorney of record, today, March 24, 2015, pursuant to Texas Rules of Appellate Procedure.

**G CALVIN GROGAN V**
Assistant District Attorney

Affirm and Opinion Filed July 20, 2015



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00695-CR

## JAMES EDWARD ROGERS, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 196th Judicial District Court
### Hunt County, Texas
### Trial Court Cause No. 28576

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Chief Justice Wright

A jury found appellant James Edward Rogers Jr. guilty of possession of a controlled substance, methamphetamine, in the amount of four grams or more, but less than two hundred grams. After finding the enhancement paragraphs for two prior felony convictions true, the jury assessed punishment of life imprisonment. In a single issue, appellant challenges the sufficiency of accomplice-witness corroboration. We affirm the trial court's judgment.

### I. BACKGROUND

Detective Wesley Russell, a narcotics investigator for the Greenville Police Department, testified that on March 20, 2012, he stopped a Ford Escape for failing to stop at a stop sign. There were three individuals and a dog inside the vehicle: appellant was driving, Rachel Powell was in the front passenger seat, and Timothy Roberts and a pit bull were in the back seat. Upon

confirmation that appellant did not have a valid driver's license, Russell requested identification for everyone in the vehicle and discovered that Roberts had an outstanding arrest warrant. Russell called for assistance and Detective Jason Smith, Officer Brandon West, and Officer Leigh Dixon arrived at the scene.

Roberts was placed in Dixon's marked police car to be transported to jail on his outstanding arrest warrant but when Roberts began having a seizure, Dixon drove him to the hospital emergency room instead. Russell arrested appellant for driving without a valid driver's license and placed him in West's patrol car. Russell then asked Powell to step out of the vehicle so he could conduct an inventory search of the vehicle before impounding it. Animal control was contacted to pick up the dog.

Russell testified that during his search of the vehicle, most of the items seized were inside various bags inside a mesh laundry bag that was located on the front passenger floorboard, right against the center hump. Russell found a floral makeup bag containing a butane torch and some glass pipes, a camera case containing a glass pipe inside a glove, a baggie containing syringes, a small black Case Logic zipper bag containing digital scales, a plastic bag containing smaller plastic bags, a plastic bag containing pills and an unlabeled prescription bottle containing marijuana, a small baggie containing 0.44 grams of methamphetamine, a small metal canister containing 1.66 grams of methamphetamine, and a prescription bottle with appellant's name on the label containing 23 grams of methamphetamine. Russell testified that the baggie, metal canister, and prescription bottle containing methamphetamine were packaged and sent to the Department of Public Safety Laboratory for analysis.

Russell explained that he did not arrest Roberts for possession of the narcotics because Russell did not observe Roberts making any furtive movements once Russell initiated the traffic stop and because Roberts was not in proximity to the drugs. Russell also stated that he did not

arrest Powell for possession of the narcotics because Powell gave the police an affidavit that the drugs were not hers and because there were items inside the bags containing the drugs with appellant's name on them. According to Russell, appellant was in possession of $1668 in cash when he was arrested.

Smith, a narcotics investigator for the Greenville Police Department, testified that he assisted Russell at the scene. Smith provided cover for Russell and also talked to Powell. Smith ultimately obtained a sworn affidavit from Powell. He testified that he made no promises or deals in obtaining Powell's statement.

Mark Gray testified regarding the procedures used by the Greenville Police Department to organize and secure its property room. He also testified that with respect to this case, he packaged three items and personally delivered them to the Texas Department of Public Safety Laboratory. Jose Martinez, a forensic scientist for the Texas Department of Public Safety, testified that while working at the DPS Crime Lab in Garland, he analyzed the three items delivered by the Greenville Police Department in this case: a Ziploc bag, a metal container, and a prescription pill bottle. Martinez described the methods used to analyze the items, and concluded that the metal container contained 1.66 grams of methamphetamine, the prescription pill bottle contained 23 grams of methamphetamine, and the Ziploc bag contained 0.44 grams of methamphetamine.

Powell testified that the methamphetamine found in the vehicle was not hers. According to Powell, appellant picked her up and took her to the house where he was staying. They planned to go to Rockwell so Powell could steal a pair of shoes for appellant. Appellant asked her to help him carry some things to the car, specifically a laundry bag and a flowered bag. Powell testified that once appellant got to the car, he took the bags and placed them on the front passenger floorboard. Powell initially stated that she never looked in the laundry bag or the

flowered bag and had no idea what was inside of them. She later testified that while they were in appellant's house, she saw him place some items in one of the bags—a smaller pipe and a set of scales. But she claimed she did not see him place any of the other items into the bags. And she testified that she had no idea that the bags contained methamphetamine. Powell testified that the only items in the car belonging to her were her purse, a pricing gun, and a Walmart bag containing three stolen fishing reels.

Powell acknowledged having a lengthy criminal history. She admitted that two days after the traffic stop resulting in appellant's arrest, she was arrested for theft. Powell acknowledged being a drug addict and using methamphetamine. She conceded that she had gone to appellant's house to get drugs from him, stating "that was what he did." Powell testified that the police did not give her any promises or deals in exchange for her affidavit.

## II. DISCUSSION

In his sole issue on appeal, appellant argues his conviction should be overturned and he should be acquitted because there was no evidence to corroborate the testimony of an accomplice witness. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. We must defer to the jury's credibility and weight determinations because the jury is the exclusive judge of the witnesses' credibility and the weight to be given to their testimony. *See Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

A challenge of insufficient corroboration is not the same as a challenge of insufficient evidence to support the verdict as a whole. *Cantelon v. State*, 85 S.W.3d 457, 460 (Tex. App.—

Austin 2002, no pet.). To corroborate accomplice-witness testimony, "[a]ll the law requires is that there be some non-accomplice evidence which tends to connect the accused to the commission of the offense." *Id.* (quoting *Hernandez v. State*, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997)); *see* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). Corroboration is not sufficient if it merely shows the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 38.14; *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). To determine the sufficiency of the corroboration, we eliminate the testimony of the accomplice and examine the remaining portions of the record to see if there is any evidence that tends to connect the accused to the commission of the offense. *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007); *Medrano v. State*, 421 S.W.3d 869, 883 (Tex. App.—Dallas 2014, pet. ref'd).

We look at the particular facts and circumstances of each case and consider the combined force of all the non-accomplice evidence that tends to connect the accused to the offense. *Smith*, 332 S.W.3d at 442; *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). There is no set amount of non-accomplice corroboration evidence that is required for sufficiency purposes; each case must be judged on its own facts. *Malone*, 253 S.W.3d at 257 (citing *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994)). Corroborating evidence may be direct or circumstantial, and need not be sufficient by itself to establish the defendant's guilt. *Smith*, 332 S.W.3d at 442. "Even 'apparently insignificant incriminating circumstances' may provide sufficient corroboration." *Medrano*, 421 S.W.3d at 883 (quoting *Trevino v. State*, 991 S.W.2d 849, 852 (Tex. Crim. App. 1999)). Evidence that the defendant was in the company of the accomplice at or near the time or place of the crime is proper corroborating evidence, but such evidence alone is not conclusive corroboration. *Hernandez*, 939 S.W.2d at 178. Nevertheless, the "tends to connect" standard is not a high standard. *Cantelon*, 85 S.W.3d at 461.

48

Appellant argues the only evidence connecting him to the offense came from Powell whose accomplice testimony was uncorroborated. Having reviewed the record, we cannot agree. Setting aside Powell's testimony, the jury had other evidence tending to connect appellant to the crime. Appellant was the driver of the vehicle in which the methamphetamine was found. Although the vehicle was not registered to appellant, Russell had seen appellant driving the vehicle multiple times. Appellant was present when the drugs were found. Appellant was in close proximity to the bags containing the methamphetamine, marijuana, prescription pills, and drug paraphernalia. And, significantly, a prescription pill bottle with appellant's name on the label contained twenty-three grams of methamphetamine. Finally, appellant was carrying $1,668 in cash at the time of his arrest.

Taken as a whole, the non-accomplice evidence shows more than appellant's mere presence. The jury could have rationally found that the corroborating evidence sufficiently tended to connect appellant to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14; *Malone*, 253 S.W.3d at 259. Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

Do Not Publish
TEX. R. APP. P. 47
140695F.U05

/Carolyn Wright/
_____
CAROLYN WRIGHT
CHIEF JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JAMES EDWARD ROGERS, JR.,
Appellant

No. 05-14-00695-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 28576.
Opinion delivered by Chief Justice Wright.
Justices Brown and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 20, 2015.